HENRY H. BLOSSOM, Respondent, *v.* THE LYCOMING FIRE INSURANCE COMPANY, Appellant.

Defendant issued to plaintiff a policy of fire insurance containing a clause requiring the assured in case of loss to furnish proof thereof within thirty days. A loss having occurred, plaintiff failed to furnish the required proof. An adjuster of defendant within the thirty days visited the premises and made inquiries into the circumstances of the fire.

This was without authority from defendant and without the knowledge of plaintiff. Upon receipt of proof of loss some four months after the fire, defendant sent a letter to plaintiff's attorney stating that the proof of loss was too late; also, that after careful examination they were satisfied the case was fraudulent, and therefore rejected the claim. In an action upon the policy, *held*, that a refusal of the court to nonsuit plaintiff was error; that proof of loss within the time prescribed was necessary unless waived; and that there was no evidence of a waiver.
As to whether the omission of an insurer to raise the objection of a non-compliance with such a condition upon being furnished with proof long after the expiration of the time specified, can be deemed a waiver, *quære*.

(Argued January 27, 1876; decided February 8, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department in favor of plaintiff, entered upon an order denying a motion for a new trial and directing judgment on verdict.

This action was upon a policy of fire insurance.

The policy contained a clause requiring the assured in case of loss or damage by fire to deliver to defendant's secretary, within thirty days after such loss, a particular account thereof under oath. The building insured was destroyed by fire on the 29th November, 1870. No proofs of the loss were furnished until March 29, 1871; these were sent by plaintiff's attorney; defendant sent a letter in reply containing the following: "The proof of loss is too late. It should have been made within thirty days after loss; besides, after a careful investigation of the matter, we have become satisfied that it is a clear case of fraud. The company have, therefore, rejected the claim." Plaintiff gave evidence upon the trial to the effect that one Krouse, an adjuster for defendant, having learned of the fire and being near the premises, went to and examined them, and made inquiries as to the fire. He had received no instructions from the defendant to adjust the loss, and what he did was without plaintiff's knowledge; that he reported his action to the company, but no action was taken by it until receipt of proofs of loss. At the close of the evidence defendant's counsel moved for a nonsuit on the ground, among others,

that proofs of the loss were not furnished within thirty days thereafter, as required by the policy, and that there had been no waiver shown.    The court denied the motion, holding that the question as to waiver was one of fact for the jury; to which ruling defendant's counsel duly excepted.

Exceptions were ordered to be heard at first instance at General Term.

*O. W. Chapman* for the appellant.    The full performance by plaintiff of the provision of the policy as to furnishing proofs of loss was a condition precedent to his right to recover.    (*Inman* v. *West. Ins. Co.*, 18 Wis., 387; Flanders on F. Ins. [2d ed.], 565, 578; *Owen* v. *Farmers' J. S. Ins. Co.*, 57 Barb., 518; 3 Rob., 325; 57 N. Y., 500.)    This provision was not waived.    (*St. L. Ins. Co.* v. *Kyle*, 11 Mo., 278; *Patrick* v. *Ins. Co.*, 43 N. H., 621; *Cornell* v. *Mil. M. F. Ins. Co.*, 18 Wis., 387; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 168; *Underwood* v. *Farmers' J. S. Ins. Co.*, 57 id., 500; *Lyc. Ins. Co.* v. *Beaty*, 66 Penn., 9; *Busch* v. *Ins. Co.*, 6 Phila. Rep., 252.)    The letter of Krouse did not create a waiver.    (47 N. Y., 114; 57 id., 500; 31 How., 508; 17 N. Y., 428; *Kimball* v. *Ham. F. Ins. Co.*, 8 Bosw., 495; *Citizens' F. Ins. S. and L. Co.* v. *Doll*, 6 Am. R., 360; 32 Md., 89; *Edwards* v. *Balt. F. Ins. Co.*, 3 Gill [Md.], 176.)

*Giles W. Hotchkiss* for the respondent.    There was sufficient evidence to justify the court in refusing to nonsuit plaintiff.    (*Herron* v. *Peoria, etc., Ins. Co.*, 28 Ill., 235; *Cornell* v. *Leroy*, 9 Wend., 163; *Inman* v. *West. F. Ins. Co.*, 12 id., 452; *Bumpsted* v. *Div. M. Ins. Co.*, 2 Kern., 81, 92; *N. Y. C. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 20 Barb., 468, 475; *Kendall* v. *Hol. P. Ins. Co.*, 2 T. & C., 395; *Edwards* v. *Balt. F. Ins. Co.*, 3 Gill [Md.], 176.)    A waiver was clearly established.    (Flanders on F. Ins., 520, § 10; 541, 542, § 22; 545, 546, §§ 26, 27; *Lyc. Ins. Co.* v. *Schreffer*, 6 Wright [Penn.], 188, 191; *Post* v. *Ætna Ins. Co.*, 43 Barb., 351, 365; *Owen* v. *F. J. S. Ins. Co.*, 57 id., 518, 521, 522; *Dohn*

v. *F. J. S. Ins. Co.*, 5 Lans., 275, 277.) The question of waiver was one of fact. (Flanders on F. Ins., 531, § 10; *Fireman's Ins. Co.* v. *Walden*, 12 J. R., 514; *Sheldon* v. *At. F. and M. Ins. Co.*, 26 N. Y., 460; *Ripley* v. *Astor Ins. Co.*, 17 How. Pr., 444.)

ALLEN, J. Several questions of minor importance arise upon the record which we deem it unnecessary to consider for the reason that the point made by the defendant, of the failure of the plaintiff to furnish proof of loss within thirty days after the fire, entitled the defendant to a nonsuit upon the evidence as it stood at the close of the trial. That the condition was not complied with was conceded; that a substantial compliance with that condition, unless waived by the insurers, was necessary to enable the plaintiff to recover, is well established. (*Savage* v. *The Howard Ins. Co.*, 52 N. Y., 502; *Underwood* v. *Farmers' J. S. Ins. Co.*, 57 id., 500.) Upon a careful review of the case we can find no evidence of a waiver of this condition by the defendant; there was no communication, direct or indirect, between the plaintiff and defendant, or its agents, in respect to it, or any negotiations between them from which the plaintiff had a right to infer that a strict compliance with every condition of the policy would not be insisted upon. Neither was there proof of any act by the defendant or its agents which could have led the plaintiff to believe that the proofs of loss prescribed by the policy would not be required. The action of Krouse, the adjuster, in visiting the premises and making inquiry into the circumstances of the fire, were not known either to the plaintiff or any agent of his; so that his omission to furnish the proofs was not induced by such action. Had the plaintiff known of the doings of Krouse they could not legitimately have influenced his action or omission to act in respect to the proof. The visit of Krouse was without authority or direction from the defendant, and was rather casual than otherwise, and precautionary, that he might be better able to act understandingly should occasion require.

He neither by act or by declaration intimated that the defendant would, or was liable to, pay the loss; or that the loss was recognized as a valid claim against the company. In truth there was no communication or negotiation between the plaintiff and the defendant, or its agents, after the notice of the loss, if such notice was ever given, until the forwarding of the proof of loss in April, after the fire, which occurred in November. But stress was laid by the learned judge, in his charge to the jury, upon the letter from the defendant to the attorney for the plaintiff, upon the receipt of the proof of loss, some four months after it occurred. In that letter the defendant takes two objections to its liability: First, that the proof of loss was too late, and that it should have been made within thirty days after loss; and second, that the claim was fraudulent. Distinctly taking the ground that the condition as to the proof of loss had not been complied with.

The taking of another and distinct objection was not a waiver of the first. The entire letter was a distinct intimation that the company would rely upon both the objections stated. Had the defendant omitted to notice the omission to furnish proof of loss within the time prescribed, that time having long elapsed, it is questionable whether it would have been deemed a waiver, for the reason that it was then too late to supply the omission; and the plaintiff would have lost nothing by the omission of the company to call his attention to it. The defendant was at liberty, in response to the claim then made for the first time, by the plaintiff, to take every objection which was open to it. The objections did not annul or destroy or operate as a waiver of each other.

It is difficult to see how a party waives or is estopped from taking an objection which he distinctly asserts and makes at the very first opportunity. There was no evidence of waiver; and it was error for the learned judge to submit the question to the jury. The result was, as may be expected in every like case, the jury sympathizing with the insured, and thinking lightly of conditions which are really of the essence of the contract, and regarding them rather as technicalities than

matters of substance, have given their verdict against the insurers.

The judgment must be reversed and a new trial granted.

All concur; MILLER, J., not sitting.

Judgment reversed.