DANIEL QUINLAN, Appellant, *v*. PROVIDENCE WASHINGTON INSURANCE COMPANY of Providence, R. I., Respondent.

The powers possessed by agents of insurance companies are to be interpreted in accordance with the general law of agency.

The agent of an insurance company possesses only such powers as have been explicitly conferred upon him by the company, or such as third persons dealing with him as such agent have a right to assume he possesses.

If where one dealing with such an agent knows that he is acting under a circumscribed and limited authority and that his act is outside of and transcends the authority conferred, the principal is not bound; it is immaterial whether the agent is a general or special one.

Where restrictions upon the agent's authority appear in a policy the insured is bound to take notice of them, and in the absence of evidence tending to show that his powers have been enlarged by the usage of the company, its course of business or by consent, express or implied, the policy must control and the authority, as limited, must be regarded as the measure of the agent's power.

Forfeitures plainly incurred by violations of the conditions of a policy and which have not been expressly or impliedly waived by the company, will be enforced by the courts.

A fire insurance policy issued by defendant provided that it should become void, "if with knowledge of the insured, foreclosure proceedings be commenced, or notice of sale of any property covered by the policy by virtue of any mortgage or trust deed" unless by agreement indorsed upon or added to the policy; also that the insured should in case of loss give immediate notice in writing to the company, and within sixty days after the fire render to it a sworn statement of certain particulars enumerated. In an action upon the policy *held,* that these were conditions precedent to a right to recover and a breach thereof unless waived constituted a defense.

The policy was issued by K., an agent of defendant, having power to countersign and issue policies furnished in blank by the company; it was in its form "a standard policy," as provided for by the act of 1886 (Chap. 488, Laws of 1886); it contained a provision that no agent of the company should have power to waive any condition or provision embraced in the printed and authorized policy. It appeared that after the policy was issued plaintiff mortgaged the property, and K., at his request, delivered the policy to the mortgagee, with a clause indorsed thereon making a loss payable to him. A foreclosure was commenced before the fire. Of this the company had no notice. Before the foreclosure was commenced K. ceased to act as defendant's agent. The trial court refused to admit proof offered by plaintiff that K. knew of the commencement of the foreclosure proceedings, and assured plaintiff at the time that no harm could come to him therefrom. *Held,* no error.

No notice of loss was served by plaintiff and proofs of loss were not served by him until seven months after the fire; these the company refused to accept and returned. It appeared that K., thirty-three days after the fire, wrote defendant, calling attention to the policy and that a loss had occurred. Defendant replied that the matter "had our attention." Plaintiff testified that about a month after the fire K. advised him that he had written defendant and it informed him it was paying attention to the matter; that K. said "it would be all right, that he could collect it," and that he need take no further steps in the matter. *Held,* that the non-performance of the conditions of the policy invalidated it; that conceding plaintiff did not know that K.'s agency had terminated, and assuming the company was bound by his acts the same as if there had been no change, as by the policy he had no power to waive the conditions, his acts did not constitute a waiver; that plaintiff was bound to take notice of the conditions, and the fact that he did not read the policy or know of said conditions was immaterial; and that, therefore, plaintiff was properly nonsuited.

(Argued April 29, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 7, 1891, which affirmed a judgment in favor of defendant entered upon an order nonsuiting plaintiff on trial at Circuit.

This action was upon a policy of fire insurance on a dwelling-house at Cape Vincent, Jefferson county.

The policy was issued by one Kelsey, an agent of the defendant, having power to countersign and issue policies furnished in blank by the company, within the territory covered by his agency. It was a standard policy in the form, and containing the printed conditions prescribed by the act of 1886. It is dated July 12, 1887, and insured for three years a dwelling-house of the plaintiff in the sum of $500. The plaintiff had insurance on other property in different companies, and by an arrangement between him and the agent of the defendant, his policies were left in charge of the latter, who was to attend to the plaintiff's interests in case of any loss by fire. The defendant's policy contained, among other conditions embraced in the standard policy, a condition that it should be void, unless provided by agreement indorsed on or added to the policy, "if, with knowledge of the insured, foreclosure proceedings be commenced, or notice of sale of any property covered by the policy by virtue of any mortgage or trust deed." Also a provision that in case of fire the "insured shall give immediate notice of any loss thereby, in writing, to the company, * * * and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company in writing, signed and sworn to by the insured," containing certain particulars enumerated.

By the concluding clause in the policy it was provided that "no officer, agent or other representative of the company shall have any power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement, indorsed hereon and added hereto, and as to such provisions or conditions, no officer, agent or representative shall have such power, or be deemed or held to have

waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The part of this clause relating to added conditions or pro-visions is not material here, as none were added to the policy in question.   After the policy was issued, and before the fire, the plaintiff mortgaged the premises on which the property insured was situated, in connection with other premises, for $3,500.   A foreclosure of the mortgage was commenced by process served on the plaintiff May 27, 1889, twenty days before the fire which destroyed the insured premises, which was on June 16, 1889.   The company had no notice of this foreclosure.   The policy of insurance was, at the request of plaintiff, delivered by Kelsey the agent, who issued it, to the mortgagee upon the execution of the mortgage, and there was indorsed thereon a clause making the loss, if any, payable to him.

In February thereafter (1889) the policy, then in possession of the mortgagee, was burned in the burning of a building in which it was deposited, and no duplicate policy was applied for or issued.   In August, 1888, about ten months before the fire, Kelsey ceased to act as agent for the defendant, and one Block was appointed agent in his place, who, before the fire, issued to the plaintiff a policy in the defendant's company on other property, and Block kept the policy with others issued to the plaintiff in his possession, apparently under an arrange-ment similar to that previously had with Kelsey.

The plaintiff never served any notice of loss on the com-pany.   Kelsey, the former agent of the defendant, on July 19, 1889, thirty-three days after the fire, addressed a letter to the company, saying that he had just discovered, in looking over his account with the plaintiff, that the defendant had a risk on the property, and adding, "Not knowing anything further, whether reported by your agent, or whether adjusted and paid, I take the trouble to make this report, feeling then as if I had

done my duty." The company replied that the matter had already "had our attention." The letter of Kelsey was not written in behalf of the plaintiff, or with his knowledge at the time, but he testified that Kelsey informed him about a month after the fire that he had written the company, and that they informed him they were paying attention to the matter. "He said he thought it would be all right; that he could collect it." No proofs of loss were served on the company until January 8, 1890, about seven months after the fire. The company refused to accept the proofs and returned them. The witness Kelsey testified that, in case of loss, he would notify the company, and it would send an adjuster who would prepare proof of loss and settle the claim. But it appeared that only one loss had occurred during his agency for the defendant, and that it involved a few dollars only and was adjusted by a special agent. The plaintiff testified that he did not read the policy, and was ignorant of its conditions.

The trial judge refused to permit proof that Kelsey knew of the commencement of the foreclosure proceedings, and assured the plaintiff at the time that no harm could come to him therefrom. The court, at the close of the whole case, directed a nonsuit.

*D. G. Griffin* for appellant. The plaintiff at the time of the commencement of the action was entitled to treat Kelsey as the general agent of the defendant. (61 Barb. 335 ; 66 N. Y. 23 ; Wood on Ins. 648, 729 ; 96 U. S. 579.) The defendant waived the forfeiture of the policy occasioned by the commencement of the foreclosure action. (*Van Allen* v. *F., etc., Ins. Co.,* 10 Hun, 397 ; *Marven* v. *Ins. Co.,* 85 N. Y. 283 ; *Judson* v. *Sturges,* 5 Day, 556 ; *Drummond* v. *Wood,* 2 Caine's Cas. 310 ; *Liotard* v. *Graves,* 3 id. 226 ; *Lawler* v. *Keaquick,* 1 Johns. 174 ; *Forrestier* v. *Boardman,* 1 Story, 43 ; *Dusar* v. *Perit,* 4 Binn. 361 ; *Greenleaf* v. *Moody,* 13 Allen, 363 ; *Bernard* v. *Maury,* 20 Grat. 434 ; *Harter* v. *Blanchard,* 64 Barb. 617 ; *Wood* v. *Cooper,* 2 Over. 441.) The notice of loss given the defendant was in substantial com-

pliance with the terms of the policy. (*Weed* v. *L. & L. Ins. Co.*, 26 N. Y. S. R. 414; *Steen* v. *N. F. Ins. Co.*, 89 N. Y. 315; *Pechner* v. *Ins. Co.*, 65 id. 207; *Baumgartel* v. *Ins. Co.*, 61 Hun, 118; *O'Brien* v. *Prescott*, 32 N. Y. S. R. 579.) The policy was not avoided by the omission of the plaintiff to furnish proof of loss within sixty days after the fire. (*Pichener* v. *P. Ins. Co.*, 65 N. Y. 195; *Van Allen* v. *F. J. S. Ins. Co.*, 10 Hun, 397; 72 N. Y. 604; *Goodwin* v. *M. Ins. Co.*, 73 id. 480; *Marvin* v. *U., etc., Ins. Co.*, 85 id. 278–283; *Steen* v. *N. Ins. Co.*, 89 id. 315; *Herrmann* v. *N. Ins. Co.*, 100 id. 411; Wood on Ins. 648, 729; *Craighton* v. *A. Ins. Co.*, 39 Hun, 319; *Goldwater* v. *L., etc., Ins. Co.*, 39 id. 176; *Arkell* v. *C. Ins. Co.*, 7 id. 455; *Bishop* v. *A. Ins. Co.*, 9 N. Y. Supp. 350; *Pitney* v. *G. F. Ins. Co.*, 61 Barb. 335–337.)

*A. H. Sawyer* for respondent. No notice of the loss, as required by the terms and conditions of the policy, was ever given to the defendant by the plaintiff. (*Inman* v. *W. Ins. Co.*, 12 Wend. 460; *Sherwood* v. *A. Ins. Co.*, 10 Hun, 593; *Whitehurst* v. *N. C. Ins. Co.*, 7 Jones, 433; *Edwards* v. *L. Ins. Co.*, 75 Penn. St. 378; *Trask* v. *S. F. Ins. Co.*, 29 id. 198; *R. Ins. Co.* v. *Burwell*, 44 Ind. 460; *Brown* v. *L. A. Co.*, 40 Hun, 101; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 468; 2 Wood on Ins. 939.) No proofs of loss were served upon or tendered to the company within sixty days after the fire as required by the policy. (*McDermott* v. *L. Ins. Co.*, 12 J. &. S. 221; *Blossom* v. *L. Ins. Co.*, 64 N. Y. 162; *Bell* v. *L. Ins. Co.*, 19 Hun, 238; *Brown* v. *L. A. Co.*, 40 id. 101; *O'Brien* v. *C. Ins. Co.*, 63 N. Y. 108.) There has never been any waiver by the defendant of the condition of the policy requiring service of proofs of loss within sixty days after the fire. (*Bell* v. *L. Ins. Co.*, 19 Hun, 238; *Blossom* v. *L. Ins. Co.*, 64 N. Y. 162; *Brink* v. *H. Ins. Co.*, 70 id. 593; *Underwood* v. *F. J. S. Ins. Co.*, 57 id. 505.) Prior to the fire the policy issued by the defendant to the plaintiff had become forfeited by reason of the foreclosure of a mortgage upon the insured premises, without

the consent of the company. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 411.) There is no foundation for the contention upon the part of the plaintiff that he is not bound by the conditions of the policy because the policy was not delivered to him personally. (*Cole* v. *G. Ins. Co.*, 90 N. Y. 37.) The exception to the refusal of the court to permit proof that Kelsey knew of the commencement of the foreclosure proceedings, and assured the plaintiff that no harm could come to him by them, is not tenable. ( *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Marvin* v. *U. L. Ins. Co.*, 85 id. 278, 282; *Messelbank* v. *Norman,* 122 id. 578; *Hess* v. *W. F. & M. Ins. Co.*, 11 N. Y. Supp. 299; *Hill* v. *L. A. Co.*, 9 id. 500; *Smith* v. *N. Ins. Co.*, 60 Vt. 682.)

ANDREWS, J. If the rights of the parties depend upon the contract of insurance as expressed in the policy, there can be no hesitation in affirming the judgment of nonsuit.

The provision as to the commencement of foreclosure proceedings; the requirement that the insured, in case of loss, shall give immediate notice in writing to the company, and the other requirement that within sixty days after a fire he shall render to the company a sworn statement of the particulars specified, are conditions precedent to a right to recover on the policy, and each of the three conditions mentioned was violated. Foreclosure proceedings were commenced to the knowledge of the insured before the fire; no notice of loss was served at any time by him, and the letter of Kelsey to the company written thirty-three days after the fire, even if it could be treated as having been written in behalf of the insured, was not immediate notice; and finally the proofs of loss were not served until months after the sixty days' limitation in the policy had expired. The authorities are conclusive that the non-performance of these conditions, or any one of them, constituted a complete defense to a claim to recover on the policy as printed. (*Inman* v. *Western F. Ins. Co.*, 12 Wend. 460; *Blossom* v. *Lycoming F. Ins. Co.*, 64 N. Y. 162; *Titus* v. *Glens Falls Ins. Co.*, 81 id. 411.)

The plaintiff was driven to the claim that the company had waived the right to insist upon the conditions of the contract as contained in the policy, or had consented to be bound, notwithstanding the violation of the conditions. He relied, to establish this contention, upon certain transactions between himself and Kelsey, the agent who acted for the company in making the contract of insurance and. issuing the policy, fully recited in the statement of facts.. It is to be assumed that Kelsey learned of the commencement of the foreclosure proceedings, and thereupon assured the plaintiff that his rights under the policy would not be prejudiced thereby; also that he knew of the fire when it occurred,. and after writing the company the letter of July 19, 1889, informed the plaintiff that he had done so, and that he need take no further steps towards giving notice or securing proofs of loss, and it is to be admitted also that the plaintiff had not read the policy, and did not know what conditions it contained..

It is insisted that upon the whole evidence a question was. presented for the jury whether the company had waived the· conditions relied upon to defeat a recovery or had consented to be bound notwithstanding their violation. The transactions· and interviews between Kelsey and the plaintiff took place after Kelsey had ceased to act as the agent for the defendant;. but it is claimed that the plaintiff did not know that his agency had terminated, and we shall consider the case upon the assumption that the company was bound by his acts to the· same extent as if there had been no change in his relation to. the defendant. The substance of the claim made by the· plaintiff is that the agent of the company, invested with the· power to make contracts of insurance and issue and counter-sign policies, may subsequently change or modify conditions therein and waive forfeitures; in short, that in respect to policies issued by him he stands in place of the company and may do whatever the company itself might do in the premises.

The powers possessed by agents of insurance companies, like those of agents of any other corporations, or of an individual principal, are to be interpreted in accordance with the

general law of agency. No other or different rule is to be applied to a contract of insurance, than is applied to other contracts. The agent of an insurance company possesses such powers and such powers only as have been conferred verbally or by the instrument of authorization, or such as third persons have a right to assume that he possesses. Where the act or representation of the agent of an insurance company is alleged as the act of the principal and, therefore, binding upon the latter, the test of the liability of the principal is the same as in other cases of agency. No principle is better settled in the law, nor is there any founded on more obvious justice than that if a person dealing with an agent knows that he is acting under a circumscribed and limited authority, and that his act is outside of and transcends the authority conferred, the principal is not bound, and it is immaterial whether the agent is a general or special one, because a principal may limit the authority of the one as well as that of the other. (*Walsh* v. *Hartford Fire Ins. Co.*, 73 N. Y. 10.)

The limitations upon the authority of Kelsey were written on the face of the policy. It declared that "no officer, agent or representative of the company should have power to waive any provision or condition" embraced in the printed and authorized policy, but power is given to agents to waive added provisions or conditions, provided such waiver is written upon or attached to the policy. Where a policy permits an agent to exercise a specified authority, but prescribes that the company shall not be bound unless the execution of the power shall be evidenced by a written indorsement on the policy, the condition is of the essence of the authority, and the consent or act of the agent not so indorsed is void. (*Walsh* v. *Hartford Fire Ins. Co.*, *supra* ; *Marvin* v. *Universal Life Ins. Co.*, 85 N. Y. 278.) The conditions violated in this case were contained in the authorized blank, and as to these the agent had no power in any manner, in writing, or otherwise, to waive them.

In determining the question of liability in this case it is immaterial whether the plaintiff read the policy or not, or that

he had no actual knowledge of the conditions or of the limitations of the power of Kelsey. The conditions and limitations were a part of the contract and he was bound to take notice of them, and is not excused upon the plea that he omitted to acquaint himself with the provisions of the policy, and his arrangement with Kelsey to take charge of his insurance interests was a matter with which the defendant had no concern.

The act (Chap. 486, of the Laws of 1886) providing for a uniform policy known as the standard policy, and which makes its use compulsory upon insurance companies, marks a most important and useful advance in legislation relating to contracts of insurance. The practice which prevailed before this enactment, whereby each company prescribed the form of its contract, led to great diversity in the provisions and conditions of insurance policies and frequently to great abuse. Parties taking insurance were often misled by unusual clauses or obscure phrases concealed in a mass of verbiage and often so printed as almost to elude discovery. Unconscionable defenses based upon such conditions were not infrequent, and courts seem sometimes to have been embarrassed in the attempt to reconcile the claims of justice with the law of contracts. Under the law of 1886 companies are not permitted to insert conditions in policies at their will. The policies they now issue must be uniform in their provisions, arrangement and type. Persons seeking insurance will come to understand to a greater extent than heretofore the contract into which they enter. Now, as heretofore, it is competent for the parties to a contract of insurance, by agreement in writing or by parol, to modify the contract after the policy has been issued or to waive conditions or forfeitures. The power of agents, as expressed in the policy, may be enlarged by usage of the company, its course of business, or by its consent express or implied. The principle that courts lean against forfeitures is unimpaired, and in weighing evidence tending to show a waiver of conditions or forfeitures, the court may take into consideration the nature of the particular condition in question,

whether a condition precedent to any liability, or one relating to the remedy merely, after a loss has been incurred. But where the restrictions upon an agent's authority appear in the policy, and there is no evidence tending to show that his powers have been enlarged, there seems to be no good reason why the authority expressed should not be regarded as the measure of his power; nor is there any reason why courts should refuse to enforce forfeitures plainly incurred, which have not been expressly or impliedly waived by the company.

The acts and representations of Kelsey, upon which the plaintiff relies were in excess of his authority as expressed in the policy and did not bind the defendant, there being no evidence upon which it can be held that the company had enlarged his powers or waived the violated conditions.

These views lead to an affirmance of the judgment.

All concur, PECKHAM and MAYNARD, JJ., in result; O'BRIEN, J., not sitting.

Judgment affirmed.