ADELBERT G. SERGENT, Appellant, *v.* THE LONDON AND LIVERPOOL AND GLOBE INSURANCE COMPANY, Respondent.

*Policy of fire insurance — proof of loss, not furnished within sixty days — a condition precedent to a recovery.*

Upon the trial of an action brought to recover upon a policy of fire insurance it appeared that the policy in suit contained a provision that if a fire should occur the insured should give immediate notice of any loss thereby in writing to the company, and within sixty days after the fire render a statement to the company, stating the knowledge and belief of the insured as to the time and origin of the fire and various matters connected therewith.

It appeared that the proofs of loss, as provided by said policy, were not furnished until more than sixty days after the fire.

*Held,* that the furnishing of proofs of loss as required by the policy was a condition precedent to the plaintiff's right of recovery, and that the non-performance of this condition constituted a complete defense to the recovery upon such policy.

APPEAL by the plaintiff, Adelbert G. Sergent, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Otsego on the 22d day of June, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Otsego Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 20th day of June, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*Andrew G. Washbon,* for the appellant.

*C. D. Thomas,* for the respondent.

PER CURIAM:

On the trial the plaintiff was nonsuited. The principal question involved upon this appeal is as to the validity of such nonsuit. The policy which formed a basis for this action, among others, contained the following provisions: "If fire occur the insured shall give immediate notice of any loss thereby, in writing, to this company; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the

knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof, and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property, and a copy of the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described, and the several parts thereof, were occupied at the time of fire.

" This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the, loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including any award by appraisers, when appraisal has been required. * * * This policy is made and accepted subject to the foregoing stipulations and conditions, * * * and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement, indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent or representative shall have such power, or be deemed or held to waive any such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist, or be claimed by the insured, unless so written or attached."

That the property included in the policy in question was destroyed by fire on August 27, 1892, and that proofs of loss were not furnished until November twenty-sixth of that year, are undisputed facts in the case. Thus, it conclusively appears that the condition of the policy requiring the plaintiff to furnish proofs of loss within sixty days after the fire, was not performed or complied with. Nor is it pretended that the time was extended in writing by the defendant. The furnishing of proofs of loss, as required by the policy, was a condition precedent to the plaintiff's right of recovery.

(*Underwood* v. *Farmers' Joint Stock Ins. Co.*, 57 N. Y. 500; *Blossom* v. *Lycoming Fire Ins. Co.*, 64 id. 162; *O'Brien* v. *Commercial Fire Ins. Co.*, 63 id. 111; *McDermott* v. *Lycoming Fire Ins. Co.*, 44 N. Y. Super. Ct. [12 J. & S.] 221; *Bell* v. *Lycoming Fire Ins. Co.*, 19 Hun, 238.) And the non-performance of this condition constitutes a complete defense to a recovery upon such a policy. (*Quinlan* v. *Providence Washington Ins. Co.*, 133 N. Y. 356, 362.)

These authorities seem to be decisive of the question before us, unless this provision in the policy can be held to have been waived by the defendant. We have carefully examined the evidence bearing upon that question, and regard it as insufficient to raise any question of waiver of this condition in the policy. Without discussing the other questions upon which it is claimed that the nonsuit might be sustained, we regard the one already considered as sufficient, and, hence, do not examine the other questions presented for our consideration.

We have also examined the other exceptions to which our attention has been called by the appellant, but find none that would authorize us to disturb the judgment.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order affirmed, with costs.