JOSEPH GOTTLIEB, Appellant, *v.* THE DUTCHESS COUNTY MUTUAL INSURANCE COMPANY, Respondent.

*Fire insurance — proof of loss required by the policy — when not furnished no recovery can be had.*

A policy of insurance insured, among other property, a horse and wagon and a stock of peddler's goods carried in the wagon wherever the owner might be stopping in the transaction of his business.   The policy provided, among other conditions, that the insured should within sixty days after the fire, unless such time was extended by the company in writing, render a sworn statement to the company stating the interest of the insured in the property, the cash value of each item thereof and the amount of loss thereon, and, if required, should also furnish a certificate of the magistrate or notary public living nearest the place of the fire, stating that he had examined into the circumstances and believed that the insured had honestly sustained loss to the amount that such magistrate or notary public should certify.

In an action brought to recover upon the policy of insurance the referee found that these conditions of the policy had not been complied with.

*Held,* that these findings of the referee, being supported by the evidence, precluded a recovery upon the policy.

APPEAL by the plaintiff, Joseph Gottlieb, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 27th day of December, 1894, upon the report of a referee dismissing the complaint.   Also, from an order made at the Kings County Special Term and

entered in the office of the clerk of the county of Orange on the 28th day of March, 1895, denying the plaintiff's motion for a new trial upon the ground of newly-discovered evidence.

*W. S. Bennet*, for the appellant.

*Milton A. Fowler*, for the respondent.

BROWN, P. J.:

This action was brought to recover upon a policy of insurance issued by the defendant to the plaintiff, and which, among other property, insured a horse and wagon and a stock of peddler's goods carried in a wagon, wherever plaintiff might be stopping in the transaction of his business.

On the night of December 21, 1893, the plaintiff's horse and wagon and such goods as he was carrying with him were destroyed by fire while the same were in the barn of one George Clark near Jeffersonville, Sullivan county, N. Y., where plaintiff had stopped for the night while on a business trip.

The policy provided, among other conditions, that the insured should, within sixty days after the fire, unless such time was extended by the company in writing, render a sworn statement to the company, stating the interest of the insured in the property and the cash value of each item thereof, and the amount of loss thereon, and, if required, should also furnish a certificate of the magistrate or notary public living nearest the place of the fire, stating that he had examined the circumstances and believed that the insured had honestly sustained loss to the amount that such magistrate or notary public should certify.

The referee found that these two conditions of the policy were not complied with.

There is no claim upon the part of the appellant that a certificate of a magistrate or notary public was furnished by the plaintiff within sixty days after the fire, and no evidence that either of the conditions referred to were waived by the defendant. While the condition as to the magistrate's certificate was to be complied with only in case such certificate was required by the company, it appears from the testimony that such certificate was demanded by the defendant on January 11, and again on January 24, 1894. A certificate of a magistrate was furnished to the company on March

twelfth, after the sixty days had expired. It was not accepted, but was returned on March thirteenth for the reason that it was not furnished within the time required by the policy and was not made by the magistrate nearest to the fire. This certificate was also defective in omitting to state that the person making it had examined into the circumstances concerning the loss, and failed to state any value of the goods believed to have been destroyed. The testimony also failed to show compliance with the condition which required the proofs of loss to show the cash value of each article destroyed by the fire.

These findings of the referee preclude a recovery upon the policy, and the conclusion of the referee has ample support in the authorities. (*Blossom* v. *Lycoming Fire Ins. Co.*, 64 N. Y. 162; *Underwood* v. *Farmers' Joint Stock Ins. Co.*, 57 id. 500; *Johnson* v. *Phœnix Ins. Co.*, 112 Mass. 49.)

The motion for a new trial upon the ground of newly-discovered evidence was properly denied.

The judgment and order appealed from must be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order affirmed, with costs.