PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* HARRY J. BOWKER, Defendant, Impleaded with THE ÆTNA INDEMNITY COMPANY, Appellant.

*Bonding company.— liability of the company upon a liquor tax bond, not signed by the resident secretary until after the liquor tax certificate had been canceled.*

A bonding company was accustomed to send to its resident assistant secretaries blank bonds, duly executed in the name of the corporation, but containing the provision that they should be binding upon the company only when signed by the resident assistant secretary.

On one occasion, a resident assistant secretary, prior to making a journey, informed his clerk that if the county treasurer was willing, the clerk might issue and deliver liquor tax bonds in his absence and that he would sign them upon his return. During his absence the clerk issued a liquor tax bond, arranging with the county treasurer that the resident assistant secretary should sign it upon his return.

During the term of the liquor tax certificate, the party to whom it was issued was convicted of a violation of the Liquor Tax Law and the liquor tax certificate was canceled and surrendered. Subsequently the resident assistant secretary, without knowledge that the holder of the liquor tax certificate had violated the Liquor Tax Law and had been convicted therefor, or that the liquor tax certificate had been canceled and surrendered, signed the bond.

*Held*, that the bonding company was not liable upon the bond.

APPEAL by the defendant, The Ætna Indemnity Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 5th day of June, 1903, upon the decision of the court rendered after a trial at the Franklin Trial Term, a jury having been waived.

Defendant is a foreign corporation, having its principal office and place of business in the State of Connecticut. On the 17th day of March, 1898, said company duly appointed one Frank S. Channell, of Malone, N. Y., a resident assistant secretary, by an instrument in writing, the principal part of which is as follows: "Know all men by these presents: That The Ætna Indemnity Company, a corporation duly organized under and by virtue of the laws of the State of Connecticut, and having its principal office located in the City of Hartford, said State, does hereby make, constitute and appoint Frank S. Channell of the city of Malone, County of Franklin and State of New York, its Resident Assistant Secretary, to execute and deliver and attach the seal of said Company to any and all bonds to be filed in any City or County of the State of New York under the provisions of the Liquor Tax Law of the State of New York (Laws of 1896, Chapter 112, as amended by Laws of 1897, Chapter 312) and the various acts amendatory thereof and supplementary thereto, and all said Bonds shall be also duly signed in all cases by the President or Vice President."

On the 18th day of December, 1901, the defendant Bowker filed with the county treasurer of Franklin county an application in writing for the purpose of obtaining a liquor tax certificate for traffic in liquor under subdivision 1 of section 11 of the Liquor Tax Law (*supra*)

at premises in said application described and paid to said county treasurer the tax required by law. At the same time said Bowker filed with the county treasurer a bond purporting to be given by himself and the defendant company to the People of the State of New York in the form required on obtaining a liquor tax certificate. The bond so filed with the county treasurer bore the signature of Bowker, and was also signed "The Ætna Indemnity Company, surety, by F. T. Maxwell, president." It was not executed by Channell. A copy of the written authority given by said company to said Channell to execute and deliver bonds as in said authority expressly stated was before the county treasurer. It also appears that said Channell was absent from Malone and that the bond was prepared by a clerk in the office of said Channell. Before said Channell left Malone his clerk had a talk with him, which, as related by said clerk, is as follows : "I said to him, 'when you are absent Mr. Channell will it be all right if I issue a bond to any one who makes application and that you will sign it when you get home?' He said 'yes, if it is agreeable to Mr. Adams.'"

At the time the bond was delivered to the defendant Bowker the clerk in the office of Channell telephoned to the county treasurer, and the conversation as related by the clerk is as follows : "(I) told him that Mr. Bowker * * * had been in the office and made application for a bond. I said 'Mr. Channell is not here, but I will issue the bond and give it to him and Mr. Channell will sign it when he comes home,' and I said 'how will it be with you?' He said 'all right,' or words to that effect."

The liquor tax certificate was issued for the balance of the year ending April 30, 1902. On the twenty-seventh day of March following Bowker was found guilty on an indictment charging him with having sold liquor to an Indian contrary to subdivision 4 of section 30 of the Liquor Tax Law (*supra*). He was fined $100, which he paid, and the liquor tax certificate was canceled and surrendered.

On the thirteenth day of May thereafter Channell, without knowledge that said Bowker had violated the Liquor Tax Law or of his conviction therefor, or that said liquor tax certificate had been actually surrendered and canceled before the expiration thereof, signed said bond.

The witness clause of said bond is as follows: "*In witness whereof*, the said principal hereto has duly signed these presents and the surety hereto has caused its corporate seal to be hereunto affixed, and these presents to be signed by F. T. Maxwell, its president. This bond shall bind said surety company only when signed by F. S. Channell, its lawful Resident Assistant Secretary at Malone, N. Y., County of Franklin, N. Y., whose certificate of authority is duly filed with the officer authorized to issue liquor tax certificates for the county in which the traffic in liquors is to be carried on by said principal."

This action is brought by the plaintiff, as State Commissioner of Excise of the State of New York, to recover the penalty of said bond. Judgment was rendered against the defendants therefor, from which judgment this appeal is taken.

*John P. Badger*, for the appellant.

*Sheldon B. Mead* and *Albert O. Briggs*, for the respondent.

CHASE, J.:

The blank bonds in Channell's possession applicable for use under the provisions of the Liquor Tax Law had been signed in the name of the company by its president, but they were incomplete and valueless as obligations until the principal to be named in each had been considered, passed upon and accepted as a party thereto, and the instrument completed in form had been executed by the agent in accordance with his written authority. They were not sent by the company for delivery, but as unexecuted instruments.

When the bond in question was received by the county treasurer, it had not been executed, and it was not received as an executed instrument, but in expectation that at some future time it would be executed and thus become in form a valid and complete instrument. The county treasurer had full knowledge of the extent of Channell's authority, and upon the instrument as accepted by him were the words, "This bond shall bind said surety company only when signed by F. S. Channell, its lawful Resident Assistant Secretary at Malone, N. Y."

The liquor tax certificate was delivered without a bond as provided by sections 18 and 19 of the Liquor Tax Law (*supra*). Any

agreement made by Channell through his clerk was not made by virtue of authority derived from the defendant. It was an obligation wholly personal, enforcible, if at all, against him alone. As every one interested in the instrument had full knowledge of the extent of Channell's authority, no question of waiver or estoppel arises.

The power of agents of insurance companies when their authority is clear and fully known is stated by the Court of Appeals in *Quinlan* v. *Providence Washington Ins. Co.* (133 N. Y. 356) as follows: "The powers possessed by agents of insurance companies, like those of agents of any other corporations, or of an individual principal, are to be interpreted in accordance with the general law of agency. No other or different rule is to be applied to a contract of insurance than is applied to other contracts. The agent of an insurance company possesses such powers and such powers only, as have been conferred verbally, or by the instrument of authorization, or such as third persons have a right to assume that he possesses. Where the act or representation of the agent of an insurance company is alleged as the act of the principal, and, therefore, binding upon the latter, the test of the liability of the principal is the same as in other cases of agency. No principle is better settled in the law, nor is there any founded on more obvious justice than that if a person dealing with an agent knows that he is acting under a circumscribed and limited authority, and that his act is outside of and transcends the authority conferred, the principal is not bound, and it is immaterial whether the agent is a general or special one because a principal may limit the authority of the one as well as that of the other. * * * Where a policy permits an agent to exercise a specified authority, but prescribes that the company shall not be bound unless the execution of the power shall be evidenced by a written indorsement on the policy, the condition is of the essence of the authority and the consent or act of the agent not so indorsed is void. * * * The power of agents as expressed in the policy, may be enlarged by usage of the company, its course of business, or by its consent express or implied. * * * But where the restrictions upon an agent's authority appear in the policy, and there is no evidence tending to show that his powers have been enlarged, there seems to be no good reason why the

authority expressed should not be regarded as the measure of his power."

In this case there arises no question of usage, or as to implied authority. Channell's authority was in writing, plainly stated, and the county treasurer with a copy of the authority before him was bound thereby. If the bond had been actually signed with the name of Channell, and the county treasurer had received it in good faith, as a completed instrument, other questions might have arisen. The signing of the instrument by Channell after the liquor tax certificate had expired and long after it had been canceled and surrendered by reason of the violation of the Liquor Tax Law, against which violation the bond was given, and for which the penalty of the bond became payable, was not an execution within the power and authority of Channell.

We are of the opinion that the instrument was never so executed by the defendant as to make it liable thereon.

All concurred ; HOUGHTON, J., not sitting.

Judgment reversed, and new trial granted, with costs to appellant to abide event.