**PUBLIC WAREHOUSES OF MATANZAS, Inc., et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.**

**No. 440.**

Circuit Court of Appeals, Second Circuit.

June 10, 1935.

Marvin & Bergh, of New York City (Louis O. Bergh, of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert

M. Tibbetts, Richard L. Sullivan, and Joseph F. Luley, all of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This action is to recover losses sustained due to defalcations of appellees' employee while in their service. The appellant by its fidelity bond underwrote his and other employees' honesty. Misappropriations took place in the period from September 12, 1927, to June 17, 1931 by one Acosta, an employee. The dishonest servant was treasurer of the appellee Public Warehouses of Matanzas, Inc., a wholly owned subsidiary of the appellee Munson Steamship Line. He was also an officer of the steamship line. However, any loss to the warehouse company is limited from March 7, 1931, for it was on that day that the unfaithful servant was added to the bond of the warehouse company.

■ On June 19, 1931, the appellees' representative, examining the accounts of the defaulter,. discovered the misappropriations. A condition of the bond required that proof of loss be filed within 30 days after discovery of the default. Neither appellee did so notify the appellant, but 85 days after June 19, 1931, a proof of loss was filed; a second proof being filed a few days later. Appellant accepted this without prejudice.

We think the motion to dismiss the complaint when made at the close of appellees' case should have prevailed. The bond required the employers to notify the surety "of any default hereunder or of any act of larceny or embezzlement within 10 days after discovery thereof," and "within 30 days after discovery as aforesaid, of any default causing a loss hereunder, the Employer shall file with the Surety affirmative proof of loss, itemized and duly sworn to on proof of loss form in use by the Surety."

■ The learned court below, at the end of the appellee's case, held the time limitation was not a condition of the appellant's liability, but in the charge to the jury said: "If plaintiffs failed to file proof of loss within thirty days after discovery of the loss, they cannot recover." Time limitations for filing claims are considered conditions. Such provisions as to notice are conditions precedent to any liability. Whiteside v. North American Accident Ins. Co., 200 N. Y. 320, 93 N. E. 948, 35 L. R. A. (N. S.) 696; Peabody v. Satterlee, 166 N. Y. 174, 59 N. E. 818, 52 L. R. A. 956; Blossom v. Lycoming Fire Ins. Co., 64 N. Y. 162; Quinlan v. P. W. Ins. Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645. The court below erroneously permitted the jury to determine the time the loss was discovered for there was no question of fact as to the date of discovery. It was an admitted fact in the complaint filed. The court's further charge to the jury was: "If the plaintiffs merely had suspicion in June, without any evidence upon which they could be charged with knowledge of embezzlement, then that was not enough to start the time of this thirty-day provision running." The appellees' evidence showed they had knowledge of loss and were investigating it prior to June 19, 1931, and continued during the month of June, during which time, by their letters and reports, it is shown they knew and made claim to large losses. Indeed, June 29, 1931, the Public Warehouses, after consultation amongst its officials, made a payment of $8,000 to the Cuban government for losses sustained in respect to the pension fund which was short.

■ The court not only permitted the jury to pass upon the admitted fact as to the date of ascertainment of defaults, but charged the jury that the time for filing proof of loss did not begin until the employers had obtained detailed information about the default. This was error. The condition of the bond clearly required proof of losses "within 30 days after discovery as aforesaid, of any default causing a loss." Not 30 days after discovery of sufficient details of any default to entitle the employer to swear to a claim based on the default. The courts may not change the terms of the contract. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231. To say that the . 30-day period did not begin to run until the assured had discovered the details of the loss would allow the insured to delay the investigation and to file a claim at his own convenience. The appellant was entitled to make its investigation and have notice of loss so as to have time to do so at the earliest possible moment after default. Moreover,. if the ap-

pellees needed more than 30 days to ascertain the details or the amount of the loss, they could have filed their claim within the 30 days, with the reservation to submit further items or details later. Apparently there was no restriction on this course of procedure, but there was a required condition that within the 30 days notice of the claim be served. This submission to the jury allowed them to say that appellees required 85 days to obtain detailed information. This was not permissible by the agreement of the parties.

■■ It is claimed that there was a waiver as to the time of filing proof of loss. September 14, 1931, the steamship line wrote appellant's local attorney in Cuba, who was investigating the loss. It read in part as follows: "We will ask you herewith to grant us an extension of 30 days more, beginning with the date on which the period limiting the policy has terminated." September 16, 1931, the steamship line delivered proof of loss to the Trust Company of Cuba. September 17, 1931, the local attorney wrote answering the letter of September 14, saying that the letter had been forwarded "to our office in Baltimore, as that office is the only one who can allow you the extra thirty days extension requested by you." September 17, 1931, he wrote a letter saying that before passing on the claim they would like to know what disposition was made of certain salvage. This conduct is said to constitute a waiver. To constitute a waiver there must be a clear statement of the intention of the appellant to relinquish a known right and that statement must be made by an agent having authority to give such a waiver. Neither of these requirements appear.

■ The directions on the back of the proof of loss requiring itemized statements are said to have constituted a burdensome task which required more time to give the information. Such requirements, however, were not binding upon the appellees. The appellant could not enlarge the terms of the bond by statements on the back of the proof of loss form. They were advisory only and it was incumbent upon the ap-

pellees to give only that information which they had.

The authorities as to waiver, to which appellees call our attention, are not inconsistent with these views. In Globe & Rutgers Ins. Co. v. Prairie Oil & Gas Co., 248 F. 452 (C. C. A. 2), the question was not as to the time of filing the claim, but as to the sufficiency of statement in the proof of loss. In Grenada Cotton Compress Co. v. Owen, 269 F. 771 (C. C. A. 2), the report contains no statement as to the wording of the bond. In O'Boyle v. Northwestern Fire & Marine Ins. Co., 49 F.(2d) 713 (C. C. A. 2), there was not involved any question of time. That case decided that a defendant denying all liability had waived any rights to further particulars in the proof required from the insured. In Hirsch-Fauth Furniture Co. v. Insurance Co. (C. C. A.) 24 F.(2d) 216, 221, and Kahnweiler v. Phenix Ins. Co. (C. C. A.) 67 F. 483, the provisions while somewhat dissimilar in their particulars, are similar to the provision of the bond in this case as to the time of filing, but in neither case is there any reference to the provision for filing as a condition. In the instant case, the provision is classified and labeled as a condition. Fidelity & Deposit Co. of Maryland v. Courtney, 186 U. S. 342, 22 S. Ct. 833, 46 L. Ed. 1193, is referred to, but because of the essential difference in facts, the case is to be distinguished. There was, in that case, no definite time except the word "immediate," required for giving notice of loss. The requirement was that the assured in filing the claim shall give "full particulars thereof as soon as practicable." Hence the insured was entitled to wait a reasonable time to obtain "full particulars."

In the case at bar, the time is fixed at thirty days. There is no evidence in the record showing a necessity of more than thirty days to discover the defaults. Since the appellees breached the condition of the bond as to notice, no recovery may be had.

Judgment reversed.