Burke, J.
(dissenting). Eva Champlin is the named insured under the appellant’s insurance policy issued November 21, 1964 for one year. On July 17, 1965 Eva died leaving the main part of her estate, including her car, to Ella Sheffield. Ella was named executrix and her son Elton, Eva’s nephew, was named as alternate executor. Ella qualified as executrix on August 4, 1965 and died on November 1, 1965. On November 5, at a time when no successor legal representative had been appointed, her daughter-in-law, Shirley Ann Sheffield, was involved in an accident while driving this car. She has been *546 sued for negligence in connection with this accident and claims that she is entitled to protection under the insurance policy which was issued to Eva.
Under the clear terms of the policy Shirley Ann, the operator of the car at the time of the accident, was not a person insured within the meaning of the clause of the liability policy entitled “ Persons Insured ”, It is equally apparent that the clause covering persons “having proper temporary custody” of an owned automobile does not apply to the case at bar. However broad this obligation may be, it clearly terminated on August 4, .1965, when the executrix of the named insured was appointed.
The Trial Justice’s finding as affirmed by the Appellate Division that Elton Sheffield, Ella’s son, and Shirley Ann Sheffield, his wife, were insured under ‘ the proper temporary custody clause ” is in direct conflict with the precise simple language of that clause in the policy. While the policy under this clause protected those having proper temporary custody of the automobile after Eva Champlin’s death without any requirement of notice to claimant-appellant and without a limitation of coverage for any fixed number of days after the policyholder’s death, it stated explicitly that the coverage extended only ‘ ‘ until the appointment and qualification of such legal representative.” Therefore, the obligation of the plaintiff-appellant terminated when Ella qualified as executrix. At this point the temporary custody coverage clause expired.
The failure of Ella Sheffield to secure coverage in respect to the operation of the car by her daughter-in-law Shirley Ann Sheffield by a proper assignment released the company from any liability for accidents occurring thereafter while the automobile was operated by her daughter-in-law. Whatever permission Shirley Ann had prior to Eva Champlin’s death to operate the car terminated upon the appointment of the executrix when the car became the property of the estate or Ella. No matter how tragic the circumstance, courts are not at liberty to revise and rewrite a policy of insurance so as to extend coverage to persons uninsured by and unknown to the company and contrary to the unambiguous provisions of the policy. In this State, insurance companies have heretofore been permitted by law to select by contract their risks. The Legislature has never authorized this court to require them to do otherwise.
*547 Finally, there is no proof in' this record to support an asserted estoppel. The Trial Justice’s finding, that Elton Sheffield, Shirley’s husband, had been assured by the company agent after his mother’s death and prior to the accident that the coverage was in force, is based upon a misunderstanding of the record. There were only two conversations between Elton Sheffield and the agent. The first took place a few days after Eva Champlin’s death in July, before the appointment of her executrix, and the second occurred after the accident on November 5. Furthermore the policy contains in broad language the usual nonwaiver, nonestoppel, nonauthorization proscriptions found in such insurance policies. This clause has long been enforced. (Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356.)
The order of the Appellate Division should be reversed and a declaratory judgment in favor of appellant entered.
Chief Judge Fuld and Judges Bregan, Keating and Breitel concur in memorandum; Judge Burke dissents and votes to reverse in an opinion in which Judges Van Voorhis and Scileppi concur.
Order affirmed.