JENNIE F. GOULD v. THE DWELLING-HOUSE INSURANCE COMPANY.

*Fire insurance—Failure to furnish proofs of loss—Forfeiture of policy—Waiver.*

1. A failure to furnish proofs of loss within the time required by an insurance policy bars an action thereon, unless waived, where the policy further provides that such failure shall work a forfeiture of such right of action.

2. A *verbal* waiver of such condition by an agent of the company will not prevent such forfeiture, where the policy plainly provides upon its face that no agent shall have power to waive any of its conditions except by writing indorsed on or attached to the policy; citing *Cleaver v. Insurance Co.*, 65 Mich. 527.

3. The Court distinguish this case from *Tubbs v. Insurance Co.*, 84 Mich. 646, where the policy contained no provision that a failure to furnish proofs of loss within the time limited in the policy should work a forfeiture.

Error to Bay. (Cobb, J.) Submitted on briefs January 13, 1892. Decided February 12, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*C. E. Pierce* and *J. E. Simonson,* for appellant.
*Shepard & Lyon,* for defendant.

LONG, J. On November 28, 1887, defendant, at its agency at Bay City, issued a policy of insurance to plaintiff, insuring her in the sum of $250 on her dwelling-house in West Bay City. On September 20, 1889, the property insured was totally destroyed by fire. Notice of the loss was given defendant's agent the following morning. On November 15 following, plaintiff forwarded proper proofs of loss, which defendant refused to receive on the ground that they were not furnished within the time required by the policy. There is no dispute but that the plaintiff owned the property in fee; that the building was totally destroyed; and that her loss was $400.

Defendant contended in the court below—

1. That the proofs of loss were not furnished within the 30 days after the fire,—the time limited by the policy.

2. That at the time of the fire the building was vacant and unoccupied.

The court directed the verdict in favor of the defendant. Plaintiff brings error.

The policy provides:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if * * * a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied or not in use."

In another clause of the policy it is provided:

"In case of loss or damage under this policy, the insured shall give immediate notice thereof in writing to this company, protect the property from further damage, * * * and within thirty days after the loss or damage by fire or lightning shall render a statement to this company, signed and sworn to by said insured, stating the knowledge of the insured as to the time and origin of the loss by fire or lightning; the interest of the insured and of all others in the property; the cash value of each article thereof, and the amount of loss thereon; all incumbrances thereon; the title to and incumbrances on the ground on which the property insured is situate; all other insurance, whether valid or not, covering any of said property; a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described, and the several parts thereof, were occupied at the time the loss or damage took place; and shall furnish, if required, verified plans and specifications of any building destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of loss, stating that he examined the circumstances, and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

In another clause of the policy it is provided:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the insured shall have fully complied with all the foregoing requirements, nor unless commenced within six months after the fire or damage by lightning; and, if any suit or action shall be commenced after the expiration of said six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

It is claimed upon the part of the plaintiff in this case—

1. That the failure to make the proofs within the 30 days, as required by the policy, only postponed the right of action until they were supplied, but that the plaintiff could not sue upon the policy for the loss until such proofs were furnished.

2. That the company waived all right to have the proofs of loss furnished within the 30 days through its local agent at Bay City.

The first proposition of plaintiff's counsel is based upon the ruling of this Court in the case of *Tubbs v. Insurance Co.*, 84 Mich. 646. In that case it was shown that the proofs of loss were not made within 30 days as provided by the policy. There was no limitation in the policy as to the time within which suit must be brought, nor did the policy contain any provision that the failure to furnish proofs of loss within 30 days should work a forfeiture. The policy simply provided that, until such proofs, plans, specifications, and certificates should be furnished, and such examination had, the claim should not be due or payable. It was held in that case that the failure to make the proofs within 30 days did not operate as a forfeiture, but only postponed the right of action until they were supplied. In the present case there is a limitation in the policy upon the time within which suit must be brought, and there is a further clause in the policy, providing that no action shall be sustainable in any court unless the insured shall have fully complied with all of the foregoing requirements, nor unless commenced within 6 months after the damage by fire. One of the requirements was the furnishing of the proofs of loss within 30 days after the fire, and the bringing of suit within 6 months.

In *Blossom v. Insurance Co.*, 64 N. Y. 162, the policy contained a clause requiring the insured, in case of loss, to furnish proofs thereof within 30 days. The plaintiff

failed to furnish the proofs required until some 4 months after the fire. These proofs were required by the company, and it refused to pay the loss on the ground that the proofs came too late. It was held that the refusal of the court below to nonsuit the plaintiff was error; that proof of loss within the time prescribed was necessary, unless waived. The court followed the rule laid down by it in *Savage v. Insurance Co.*, 52 N. Y. 502, and *Underwood v. Insurance Co.*, 57 Id. 500. The same rule is laid down in 2 Wood, Ins. p. 930, and *Scammon v. Insurance Co.*, 101 Ill. 621.

The court below was therefore not in error in holding that the failure to furnish the proofs within 30 days, as required by the policy, operated as a forfeiture of plaintiff's rights to bring or maintain a suit upon the policy. The case is distinguishable from *Aurora F. & M. Ins. Co. v. Kranich*, 36 Mich. 293, as that policy did not declare the effect of the failure to furnish the proofs in time.

Upon the second point it is urged that there was a waiver of these provisions of the policy by the agent of the defendant company at Bay City; that, the next morning after the fire, the plaintiff notified the local agent of the company of the loss, and that he notified the company. There is no doubt but that was a sufficient notice of the loss, under the ruling of this Court in *Watertown Fire Ins. Co. v. Grover & Baker S. M. Co.*, 41 Mich. 131.

· The waiver claim, however, is based upon the following facts: That, a day or two after the fire, plaintiff saw the agent, and asked him if he had heard from the company; that he said, "No; but it will be all right;" that she saw him again in a few days thereafter, and he said the adjuster was sick; that just before October 17

following, she again saw the agent, and he told her that the adjuster of the company had been there and made an examination, and refused to pay the loss because the fire had been caused through the neglect of some one; that the agent gave her to understand all the time, until the adjuster came, that everything would be all right, and that she would get her pay, and she supposed it would be all right, or otherwise she would have seen her attorney about it. It appears that the agent, Mr. Hood, with whom she talked, had represented the company since 1880, and he testified that he had countersigned policies, received applications for insurance, solicited insurance, passed upon risks, collected premiums and receipted therefor, and, in some special instances, had settled and adjusted losses, upon receiving special directions from the company to do so. It is claimed that this is a sufficient showing that the company had waived the right of being furnished with the proofs of loss within 30 days. The policy, however, contains the following clause:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, and conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written hereon or attached hereto, nor shall any privilege or concession affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

This is the last condition appearing upon the face of the policy.

It must be presumed that the plaintiff, in accepting

the policy of insurance, and in her subsequent dealing with the agent relative to the furnishing of proofs of loss, had knowledge that the agent had no power to waive any of the terms and conditions of the policy, and of the necessity on her part to furnish her proofs of loss within the time prescribed by the policy, as a prerequisite to her bringing and maintaining a suit for the recovery of her loss. This restriction upon the agent's power to waive the provisions of the policy was plainly printed upon the face of the policy, and it cannot be successfully maintained that the company had no right to restrict the powers and duties of its agent. It must be held in the present case that this power was expressly limited by the policy, and known to the insured and binding upon her. The case falls clearly within the ruling of this Court in *Cleaver v. Insurance Co.*, 65 Mich. 527.

As it was the duty of the court, under this holding, to direct the verdict in favor of the defendant, we need not pass upon the other questions raised.

The judgment must be affirmed, with costs.

The other Justices concurred.

---

A rehearing was ordered by the Court, and on July 1, 1892, the following opinion was filed:

LONG, J. We have listened to a reargument of this case, and are unable to reach a different conclusion than that stated in the former opinion.

The judgment of the court below is affirmed.

No costs on the rehearing will be allowed, as the rehearing was ordered by the Court on its own motion.

The other Justices concurred