D. S. SPRAGUE, Appellant, v. THE WESTERN HOME INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, April 25, 1892.

Insurance: OCCUPANCY: WAIVER: LIMITATION OF AGENT'S AUTHORITY. Where an insurance policy provides that it shall become void, if, without permission in writing, the building became vacant, etc., and that no agent can waive, modify, erase or strike out any condition,

stipulation or restriction, nor bind the company by any act or statement, the ceasing to use and occupy the premises in question in the manner as shown when the policy was taken out, without written permission, indorsed on the policy, avoided it; and no act of the local agent can be used to modify or change the plain terms of the contract.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Brown & Craig*, for appellant.

(1) Henry is described in the policy as the "duly authorized and regularly commissioned agent." The terms of the policy itself acknowledge the liability of the company "for the acts of any person who may procure this insurance," provided he shall be "the duly commissioned and lawfully authorized agent of the company." The court erred in holding that Henry could not waive the condition of the policy (if it is a condition) with reference to the use of the building as a livery stable, by virtue of his general authority as agent, as expressed by the terms of the policy and implied from his general power to effect the insurance. The law is firmly settled to the contrary in this state. *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *Bernard v. Ins. Co.*, 38 Mo. App. 106; *Hamilton v. Ins. Co.*, 94 Mo. 353; *Pelkington v. Ins. Co.*, 55 Mo. 172; *Russell & Co. v. Ins. Co.*, 55 Mo. 585. In this case the waiver is nothing more nor less than a construction of the words of a contract of insurance that the agent himself made on behalf of his principal. *Hotchkiss v. Ins. Co.*, 44 N. W. Rep. (Wis.) 1106. (2) The word "livery barn," as used in this policy, is simply a descriptive term, and constitutes no warranty as to the future use of the building. *Wood v. Ins. Co.*, 13 Conn. 533; *Billings v. Ins. Co.*, 20 Conn. 139.

*H. W. Chase*, for respondent.

.(1) The policy in suit is an entirety, and, being void in part, is void *in toto*. *Smith v. Ins. Co.*, 23 N. E. Rep. (N. Y.) 883; *McQueery v. Ins. Co.*, 12 S. W. Rep. (Ark.) 498; *Garver v. Ins. Co.*, 69 Iowa, 202. (2) The agent's authority is limited by the policy in suit, and it is therein provided: "This company shall not be bound under this policy by any act of, or statement made to or by, any agent or other person, which is not contained in this policy, or in written papers hereto attached." The appellant was bound by such inhibition. *Ins. Co. v. Heibuk*, 46 N. W. Rep. (Neb.) 481; *Cook v. Ins. Co.*, 47 N. W. Rep. (Mich.) 568; *Smith v. Ins. Co.*, 15 Atl. Rep. (Vt.) 353; *Weidert v. Ins. Co.*, 24 Pac. Rep. (Ore.) 242; *Ins. Co. v. Fletcher*, 117 U. S. 519; *Hallis v. Ins. Co.*, 65 Iowa, 454; *Cook v. Ins. Co.*, 70 Mo. 610. The Missouri cases cited by counsel are not in point.

GILL, J.—The defendant insured the plaintiff's livery barn and contents. The property was destroyed by fire, the defendant denied liability and this suit was brought. At the close of the evidence the court instructed the jury that the plaintiff was not entitled to recover, whereupon plaintiff suffered an involuntary nonsuit, and brings the case here by appeal.

I. The main defense is based on this provision of the policy: "This policy shall be void and of no effect, if, without permission therefor in writing hereon, the building or any portion thereof, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied or cease to be operated or used daily for the purposes stated in this policy, unless permission therefor be indorsed in writing hereon; then, in each

and every case, the insurance under this policy immediately ceases and determines."

When the risk was taken the building was used and occupied as a livery stable, and it was so stated in the policy. But a few months thereafter, and about five months prior to the fire, plaintiff secured another building for his livery business, and moved from the insured building. In the words then of the policy, the building "ceased to be operated or used daily for the purposes stated in the policy," and, too, without permission therefor indorsed in writing on the policy, as by its terms provided.

This the insured plaintiff practically admits, but seeks to avoid the consequences named in the policy by the claim of a waiver, that the local agent who wrote the policy knew the facts, and made no objection thereto. The defendant company replies to this, that by the express terms of the policy the local agent was not authorized to waive this or any other stipulation in the contract of insurance. The restrictions on the powers of the agent are thus provided in the policy: "*Agents.*—No agent of this company has any authority to waive, modify, erase or strike out any of the printed conditions, stipulations or restrictions of this policy. Nor will this company be liable under or by virtue of this policy for the acts of any person who may procure this insurance, unless such person is the duly commissioned and lawfully authorized agent of the company. Agents for this company have no authority to make any verbal agreements whatsoever for or on behalf of this company."

Further it is set out in the insurance contract, that "this company shall not be bound under this policy by any act of or statement made to or by any agent or other person which is not contained in this policy, or in written papers hereto attached."

It is clear that if we are to give effect to the fore-going, if we are to enforce this contract in accordance with its plain terms, just as made and agreed to by the parties, then the plaintiff cannot maintain this action. The plaintiff agreed that no act, declaration or agree-ment of the defendant's local agent could be used to modify, strike out, waive or in any way impair the conditions of the insurance contract. While it is true that "insurance companies doing business by agencies at a distance from their principal offices are responsible for the acts of their agent within the general scope of the business intrusted to his care, and no limitations of his authority will be binding on parties with whom he deals which are not brought to their knowledge" (*Ins. Co. v. Wilkinson*, 13 Wall. 322), yet it is as well settled "that the company has the right and power to restrict as it may choose the powers and duties of its agents; and, when the authority is expressly limited and restricted by the policy which the insured receives, there can be no good reason in law or equity why such limi-tations and restrictions shall not be considered as known to the assured, and binding upon him. When the policy of insurance, as in this case, contains an express limitation upon the power of the agent, such agent has no right to contract as agent of the company with the assured so as to change the conditions of the policy, or to dispense with the performance of any essential requi-site contained therein, either by parol or writing, and the holder of the policy is estopped from setting up or relying upon the powers in the agent in opposition to the limitations and restrictions in the policy." *Cleaver v. Ins. Co.*, 65 Mich. 527; *Cook v. Ins. Co.*, 47 N. W. Rep. 568.

And while the courts of this state have gone far in the direction of permitting a waiver by the insurance company, by and through the acts of its officers and

agents, yet this right of the company to limit by express provision in its policy the agent's authority is all the time conceded. *Barnard v. Ins. Co.*, 38 Mo. App. 114; *Barnes v. Ins. Co.*, 30 Mo. App. 550.

We must hold then that when plaintiff ceased to use and occupy the premises in question in the manner as when the policy was taken out, his right to indemnity ceased, and that no act of the local agent can be used to modify or change the plain terms of the insurance contract.

We have considered all the points made and authorities cited in counsel's brief, and conclude that the trial court ruled correctly, and we, therefore, affirm the judgment. All concur.