Philip H. Moore et al., as Executors, etc., Respondents, *v.* The Hanover Fire Insurance Company of the City of New York, Impleaded, etc., Appellant. ·

Where by a policy of fire insurance, issued to the owner of mortgaged premises, loss, if any, is made payable to the mortgagee, as his interest may appear, the undertaking so to pay is collateral and dependent upon the principal undertaking, and if there is a breach of conditions in the policy by the assured, which by its terms renders it void, this defeats a recovery thereon by the mortgagee.

Defendant issued to S. a standard policy in the form prescribed by the act of 1886 (Chap. 488, Laws of 1886), loss, if any, payable to R., plaintiffs' testator, mortgagee, as interest may appear. The policy contained conditions to the effect that it would become void, "unless otherwise provided by agreement," indorsed upon the policy or added thereto, "if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy by virtue of any mortgage." Also, that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be subject of agreement," and as to those that they should not be deemed to have been waived unless the waiver shall be written upon or attached to the policy. Also, that no privilege or permission affecting the insurance should be claimed unless so written or attached. In an action upon the policy these facts appeared: Plaintiffs brought an action to foreclose the mortgage, obtained judgment, and in pursuance thereof the premises were advertised to be sold. Three days before the date of sale the building insured was destroyed by fire. Before the commencement of the foreclosure suit plaintiffs informed T., a duly authorized agent of defendant, who, as such agent, had signed the policy, that they were about to commence such proceedings, and he agreed that this might be done without injuring plaintiffs' rights under the policy. No such agreement or consent was indorsed upon or annexed to the policy, and it did not appear that T. noted upon any register kept by him that said action had been commenced. S., the insured, had knowledge of the foreclosure suit on the day it was commenced. *Held*, that the verbal assent of the agent did not constitute a waiver of the conditions; and that the foreclosure suit and sale rendered the policy void.

*Moore* v. *Hanover F. Ins. Co.* (71 Hun, 199), reversed.

(Argued January 25, 1894; decided February 6, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered

upon an order made July 28, 1893, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiffs as executors of Barbara C. Rikert, deceased, upon a fire insurance policy issued by defendant to Maggie P. C. Smith, loss, if any, being made payable to plaintiffs' testatrix as mortgagee.

The facts, so far as material, are set forth in the opinion.

*A. T. Clearwater* for appellant. The policy was invalidated by the bringing of the action of foreclosure, and the appellant should have had judgment at the trial. (*Baumgartel* v. *P. W. Ins. Co.*, 136 N. Y. 547; *Allen* v. *G. A. Co.*, 123 id. 6; *Quinlan* v. *P. W. Ins. Co.*, 133 id. 356; *Messelback* v. *Norman*, 122 id. 583; *Walsh* v. *H. Ins. Co.*, 73 id. 5; *O'Brien* v. *P. Ins. Co.*, 134 id. 28; *Weed* v. *L. & L. F. Ins. Co.*, 116 id. 106; *Armstrong* v. *A. Ins. Co.*, 130 id. 560; *Smith* v. *N. Ins. Co.*, 60 Vt. 282.) The assured, Maggie P. C. Smith, having refused to make proofs of loss, and the policy distinctly requiring that within sixty days after the fire, unless such time was extended in writing, by the company, the insured should render a statement to the company, signed and sworn to by her, stating her knowledge and belief as to the time and origin of the fire, her interest, and that of all others in the property and the various other matters specified in the policy, the plaintiffs cannot recover. (*E. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y. 359; *Foster* v. *Van Reid*, 70 id. 24; *Grave* v. *B. M. Ins. Co.*, 2 Cranch, 419; *F. S. Bank* v. *A. Ins. Co.*, 125 Mass. 431; *W. S. Bank* v. *C. O. Ins. Co.*, 29 Conn. 374; *Sias* v. *R. W. Ins. Co.*, 9 Ins. L. J. 154; *Hyme* v. *Woodworth*, 93 N. Y. 75; *Quinlan* v. *P. W. Ins. Co.*, 133 id. 356.) There has been no waiver by the defendant in the manner provided by the policy. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 411; *Weed* v. *L. & L. F. Ins. Co.*, 116 id. 16.) The complaint does not allege the waiver of any condition of the policy, but, upon the contrary, alleges due performance upon the part of the plaintiffs of its conditions. (*Clift* v. *Rogers*, 25 Hun, 39;

*Oakley* v. *Martin*, 11 N. Y. 25; *Eisman* v. *H. Ins. Co.*, 74 Iowa, 11.)

*Esselstyn & McCarty* for respondents. When a third party like the mortgagee is concerned, the company assumes the burden, and if it fails to notify the mortgagee or cancel the policy it waives the condition requiring written consent of foreclosure to be indorsed upon the policy. The defendant had notice of the foreclosure. It was its duty to act. Failure to do so waived the condition. (*Armstrong* v. *A. Ins. Co.*, 56 Hun, 399; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *Baldwin* v. *C. Ins. Co.*, 15 N. Y. Supp. 587.) Any condition or forfeiture may be waived. (*Bermington* v. *A. Ins. Co.*, 93 N. Y. 495; *Roby* v. *A. C. Ins. Co.*, 120 id. 510; *McNally* v. *P. Ins. Co.*, 137 id. 389; *Baldwin* v. *C. Ins. Co.*, 15 N. Y. Supp. 587.) The fact that the company received the proofs of loss as presented and never returned or objected to the sufficiency or regularity thereof, except as to their not being made by the assured, must conclude it from objecting thereto on the ground of not being served in time. (*Armstrong* v. *A. Ins. Co.*, 56 Hun, 400.)

BARTLETT, J. On the 15th of July, 1890, defendant insured the property of one Maggie P. C. Smith for a period of three years, issuing to her a standard policy, the loss, if any, first payable to Barbara C. Rikert, mortgagee, as interest might appear.

Barbara C. Rikert was the owner of a mortgage covering the insured premises, executed by Maggie P. C. Smith, the owner. On the 17th of August, 1891, Mrs. Rikert having died in the meantime, her legal representatives began an action to foreclose said mortgage, which proceeded to judgment, and the premises were advertised to be sold October 26th, 1891. Three days before the date of sale the dwelling house covered by the policy was destroyed by fire. The defendant declined to pay the loss, and plaintiffs, as legal representatives of the mortgagee, began this action to enforce payment.

The answer sets up, by way of defense, that the defendant did not have knowledge or notice of the commencement of the said foreclosure proceedings, or of the notice given by the referee of the sale of the property covered by the said policy, nor did the defendant assent thereto by agreement indorsed upon the policy. The policy reads that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." The special term found that both the plaintiffs and Maggie P. C. Smith, the insured under said policy, had knowledge of the said foreclosure proceedings on the said 17th day of August, 1891. The policy contains a further condition material to be considered, viz. : "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto ; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be subject of agreement, indorsed hereon or added hereto ; and as to such provisions and conditions, no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto ; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The special term found that, before the commencement of the foreclosure proceedings upon the mortgage alleged in the complaint, the plaintiffs in this action informed J. H. Thorn, a duly authorized agent of this defendant at Rhinebeck, that they were about to commence such proceedings, and the said agent agreed that such proceedings might be commenced without injuring the plaintiffs' rights under the policy.

It is further found that there is no evidence that the said

J. H. Thorn, the alleged agent of the defendant, ever noted upon any register kept by him that the said foreclosure action or proceeding had been commenced. The policy was read in evidence, and is signed by the president and secretary of the defendant and by J. H. Thorn, agent. There is no other proof as to the power and authority of Mr. Thorn, except that he was the duly authorized agent at Rhinebeck and signed the policy as above.

It is also found that no agreement or consent for the commencement of the said foreclosure action and proceedings, or for the giving of a notice of the sale of the property covered by the said policy, or by virtue of the said mortgage and of the foreclosure of the same, was indorsed upon the said policy of insurance or added thereto.

The defendant insists that, in the absence of such agreement or consent indorsed upon the policy, the foreclosure action and sale rendered the policy void.

The court below held the notice to the agent Thorn of Rhinebeck that the action was about to be commenced and his verbal assent thereto constituted a waiver of the provisions of the policy. We are of opinion that this is error, and the judgment appealed from cannot be sustained.

There was no mortgagee clause attached to this policy, simply the provision that loss, if any, first payable to mortgagee as interest may appear. The contract of insurance was with the mortgagor, and the undertaking to pay the loss to the mortgagee was collateral and dependent upon the principal undertaking, and if there has been a breach of the conditions of the policy by the assured the plaintiff cannot recover. ( *Weed* v. *London & L. Fire Ins. Co.*, 116 N. Y. 106 ; *Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 id. 391; *Bidwell* v. *Northwestern Ins. Co.*, 19 id. 179 ; *Perry* v. *Lorillard Fire Ins. Co.*, 61 id. 214.)

The sole question is the construction of the standard policy issued under the requirements of chapter 488, Laws of 1886.

The precise point involved in this case has been before this court frequently since the enactment of the law of 1886. The

use of the standard policy was compelled by legislative enactment to remedy existing evils, and, among others, to protect insurance companies from the perils of alleged parol waivers by their local agents.

Every person who now enters into a contract of insurance is required to agree that no officer or agent or other representative of the company shall have power to waive any provision or condition of the policy, except such as by the terms thereof may be subject of agreement indorsed thereon, and as to such provisions and conditions the waiver must be written upon or attached to the policy, and he specially covenants that he will not claim any privilege or permission unless it be in writing.

The judgment appealed from ignores the plain provisions of the contract of the parties relating to foreclosure and waiver, and is contrary to the decisions of this court on the precise point presented now, and others which involve the same principle of construction. In *Quinlan* v. *Providence Washington Ins. Co.* (133 N. Y. 356) the necessity of notice in case of foreclosure was considered. Judge Andrews, in discussing the question of alleged waiver, said (p. 363): "It is to be assumed that Kelsey" (the agent of the company) "learned of the commencement of the foreclosure proceedings, and thereupon assured the plaintiff that his rights under the policy would not be prejudiced thereby."

Again, at page 366, after holding that the principle that courts lean against forfeitures is unimpaired, says: "But where the restrictions upon an agent's authority appear in the policy, and there is no evidence tending to show that his powers have been enlarged, there seems to be no good reason why the authority expressed should not be regarded as the measure of his power; nor is there any reason why courts should refuse to enforce forfeitures plainly incurred, which have not been expressly or impliedly waived by the company."

The following cases are also in harmony with these views, viz.: (*Armstrong* v. *Agri. Ins. Co.*, 130 N. Y. 560; *Baumgartel* v. *Prov. W. Ins. Co.*, 136 id. 547; *Allen* v. *German Am. Ins. Co.*, 123 id. 6; *Messelback* v. *Norman*, 122 id. 583;

*O'Brien* v. *Prescott Ins. Co.*, 134 id. 28 ; *Lett* v. *Guardian Fire Ins. Co.*, 125 id. 82.)

The foregoing cases are so cogently reasoned and the conclusions stated therein have so long been the settled law of this court, it is unnecessary now to do more than refer to them.

The judgment appealed from is reversed, and a new trial ordered, with costs in all the courts to abide the event.

All concur.

Judgment reversed.