## EGAN *v.* WESTCHESTER INSURANCE CO.

[42 Pac. 611.]

INSURANCE—CONDITIONS OF POLICY—WAIVER BY AGENT.—Where a fire insurance policy provides that no officer or agent shall have power to waive any of its conditions, except by writing, and that no privilege affecting the insurance shall be claimed by the assured unless so written, a parol waiver of any of the provisions of the policy by the agent from whom the insurance was obtained, after it has been accepted by the assured, is a nullity:* *Weidert* v. *State Insurance Company*, 19 Or. 261, cited and approved.

*With the case of *Smith* v. *Niagara Fire Insurance Company*, 1 L. R. A. 219, will be found a note collating the authorities on the question of how the terms and

This is an action upon a fire insurance policy issued by the defendant on the seventeenth day of March, eighteen hundred and ninety-three, covering loss or damage by fire to the personal property therein described for the term of one year.  The contract of insurance was made and the policy issued by one Hart, general agent of the defendant, residing in Portland, who was empowered to make such contracts and issue policies furnished in blank by the company to be countersigned by him, to renew the same, and to assent to transfers and assignments thereof within the territory covered by his agency.  The policy in question is known as the "New York Standard Policy", and is in the form and contains the printed conditions usual in such policies, among which are the following: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if the subject of insurance be personal property and be or become encumbered by chattel mortgage.  *  *  *  No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all of the foregoing requirements, nor unless commenced within twelve months next after the fire."  By the concluding clause it is provided that "No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent, or representa-

conditions of a policy may be waived where the policy has itself provided the mode of such waiver.  There is also an additional note on the same subject attached to *Lamberton* v. *Connecticut Fire Insurance Company*, 1 L. R. A. 222.  See, further, the following annotated cases: *Weidert* v. *State Insurance Company*, 20 Am. St. Rep. at page 826; *Carey* v. *German-American Insurance Company* at page 916.— REPORTER.

tive shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." Some two or three months after the policy had been issued and delivered, and before the fire, which occurred in August, eighteen hundred and ninety-four, a chattel mortgage was placed on the property with the oral consent of Hart, but no indorsement to that effect was ever made upon the policy, nor was the company advised of the arrangement. It is admitted that unless the stipulation in regard to the effect of placing a chattel mortgage on the property was waived, the incumbrance rendered the policy void, so that the right of plaintiff to recover depends upon whether the agent Hart had authority to bind the company by an oral consent or agreement to waive or modify the stipulations and conditions of the policy in this respect. The policy was issued to one Opsal, who, after the fire, assigned all his rights to the plaintiff B. F. Eagan. He recovered a judgment for the amount of the policy, and defendant appealed.                    REVERSED.

For appellant there was a brief by *Messrs. Cox, Cotton, Teal and Minor,* and an oral argument by *Mr. Lewis B. Cox.*

For respondent there was a brief by *Messrs. Charles H. Carey,* and *McDougall, Spencer and Jones,* with oral arguments by *Mr. Carey* and *Mr. Schuyler C. Spencer.*

Opinion by MR. CHIEF JUSTICE BEAN.

There is a class of cases which holds that where a person is authorized by an insurance company to

make a contract of insurance, he thereby becomes invested with authority to modify or waive the printed stipulations in the policy as to the condition of the property or other facts then existing. This doctrine proceeds on the theory that the contract or knowledge of the agent, within the scope of his real or apparent authority, is the contract or knowledge of his principal, and to that extent modifies or suspends the printed terms of the policy, which is prepared for general use, without reference to the particular case, contains numerous complex conditions and stipulations, and is generally not delivered to the insured until after the contract is closed. In such case it would certainly not be consonant with fair dealing to permit an insurer to escape liability because of some stipulation in the policy, which it knew from the very threshold of the transaction, through the agent who made the contract, was not in accordance with the agreement between it and the assured, or to allow it to take advantage of some cause of forfeiture which it knew, at the time the contract was closed, would invalidate the policy from the time of its inception, and thus render it of no more use to the assured than so much waste paper. There is another class of cases which holds that a parol waiver of the conditions of an insurance policy by a general agent is binding on the company, although the policy may provide that such waiver can be made only in writing indorsed thereon, if the insured, dealing with the agent, has no notice of a limitation upon his authority to bind the company. But neither of these rules has any bearing on the question here presented. The policy in this case was issued and delivered long prior to the date of the alleged waiver, and contained on its face notice of the limitation on the power of the agents of the

company. The plaintiff had accepted the contract, with all its limitations and conditions, and, in the absence of fraud, is conclusively presumed to have known that by its express terms the authority of the agents of defendant to waive or change it was limited and circumscribed. He was informed by the insurer, through the policy itself, that no agent, by virtue of a general appointment, had authority to change the contract in any other way than by writing indorsed thereon, and, therefore, in dealing with Hart, he did so with knowledge of the limitation upon his authority to bind the company.

After a contract of insurance is complete, the policy delivered and accepted, it becomes binding upon the parties the same as any other valid contract, and its plain and unambiguous provisions must be interpreted by the same rules. If, therefore, it contains a limitation upon the power and authority of an agent to subsequently waive its stipulations or change its terms, such provision is necessarily notice to the assured that for such purpose the power of the agent of the company is limited, whatever his authority may be in other respects. No rule is better settled than that where a limitation on the power of an agent is brought home to the person dealing with him, such person relies upon any act in excess of such limited authority at his peril; and hence, when an insurance company limits the power of its agent, and notice of such limitation is brought home to the person dealing with him, it is not bound by any act done by the agent in contravention of such notice: Wood on Insurance, § 107; *Weidert* v. *State Insurance Company,* 19 Or. 261 (20 Am. St. Rep. 809, 24 Pac. 242). Now, in this case the policy expressly provides that no officer or agent or other representative of the company shall have power

to waive any provision or condition of the policy except by a writing upon or attached thereto, and that no privilege or permission affecting the insurance under the policy shall exist or be claimed by the assured unless so written or attached, and, therefore, the limitation upon the authority of Hart was in effect written on the face of the policy. This stipulation is not illegal, or against public policy, and the statement that no agent has authority to waive or change the terms or conditions of the policy unless in writing is notice to the assured of that fact.

The relation of agency, it is true, is the result of the contract between the agent and his principal, and the power of the agent must be determined by his real or apparent authority, as gathered from facts in the case, and a declaration in an insurance policy to the effect that no agent has authority to change or modify its terms or conditions, except in a specified manner, would not preclude the assured from showing, as a matter of fact, if he could, that the defendant did invest the agent with such authority. But where the policy itself, issued and delivered by an agent, informs the assured that for certain purposes no officer, agent, or representative of the company has authority to bind it except in a specified manner, it contains notice to him that the authority of the agent so issuing the policy is limited, and this limitation and restriction is binding upon the assured unless he can show that such power has been enlarged in some way. Mr. Hart was the general agent of the company, and, unless his powers were expressly limited, and the assured had notice of such limitation, it would perhaps be presumed from the nature of his agency that he had power to modify or waive the terms of the policy, because, as general agent, he stood in the place of and

represented the company, and could do whatever it could lawfully do. But in this case the policy contained upon its face a restriction upon his powers, which the assured must be held, in law, to have known. His apparent authority was limited by a recital in the body of the policy, assented to by the assured as a part thereof, and possessing the same binding force as any other provision of the contract. There was no evidence given or offered tending to show that Hart's power had been in any way enlarged, or that he had authority to modify or change the contract as originally made. And if it is to be enforced according to the principles governing other contracts under similar circumstances, we see no escape from the conclusion that Hart's parol waiver of terms of the policy is not binding on the company.. We must, therefore, hold that, after an insurance policy containing the provisions of the one before us has been delivered and accepted by the insured, a parol waiver of such provisions, or any of them, by the agent from whom the insurance was obtained, merely by virtue of such agency, is a nullity. This seems to be the result and logic of the adjudged cases where the same or similar provisions of insurance policies have come before the courts for consideration: *Walsh* v. *Hartford Fire Insurance Company,* 73 N. Y. 5; *Quinlan* v. *Providence Insurance Company,* 133 N. Y. 356 (28 Am. St. Rep. 645, 31 N. E. 31); *O'Brien* v. *Prescott Insurance Company,* 134 N. Y. 28 (31 N. E. 265); *Moore* v. *Hanover Fire Insurance Company,* 141 N. Y. 219 (36 N. E. 191); *Baumgartel* v. *Providence Insurance Company,* 136 N. Y. 547 (32 N. E. 990); *Hankins* v. *Rockford Insurance Company,* 70 Wis. 1 (35 N. W. 34); *Knudson* v. *Hekla Fire Insurance Company,* 75 Wis. 198 (43 N. W. 954); *Carey* v. *German-American Insurance Company,* 84 Wis. 80 (36 Am. St. Rep. 907, 54 N. W. 18); *Cleaver*

v. *Traders' Insurance Company,* 65 Mich. 527 (8 Am. St. Rep. 908, 32 N. W. 660); *Gould* v. *Dwelling-house Insurance Company,* 90 Mich. 302 (51 N. W. 455); *Sprague* v. *Western Home Insurance Company,* 49 Mo. App. 423; *Smith* v. *Niagara Fire Insurance Company,* 60 Vt. 682 (1 L. R. A. 216, 15 Atl. 353, 6 Am. St. Rep. 144); *German Insurance Company* v. *Heiduk,* 30 Neb. 288 (27 Am. St. Rep. 402, 46 N. W. 481). The judgment is therefore reversed, and the cause remanded, with directions to sustain the motion for a nonsuit.        REVERSED.