# DES MOINES INS. CO. OF DES MOINES, IOWA, v. MOON.

### No. 1865.   Opinion Filed September 11, 1912.

### (126 Pac. 753.)

1. **INSURANCE—Construction of Policy—Unconditional and Sole Ownership.** The holder of the naked legal title to property, without any beneficial use or interest therein, has not the unconditional and sole ownership of the property, within the meaning of a provision of a policy of fire insurance providing that the entire policy shall be void if the interest of the insured be other than unconditional and sole ownership of the property insured.

2. **SAME—Conditions—Waiver by Agent—Validity.** A provision of a policy of fire insurance executed in the Indian Territory before the admission of the state, which provided that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership, * * *" was not waived by reason of the fact that the agent, countersigning said policy, had knowledge at the time the policy was issued that the insured did not have unconditional and sole ownership, or by the act of the agent thereafter indorsing upon the policy a vacancy permit, where the policy provided that no officer, agent, or representative of the company shall have power to waive any provision or condition of the policy, unless such waiver, if any, shall be written upon or attached to the policy. .

(Syllabus by the Court.)  .

Williams, J., dissenting.

*Error from Bryan County Court;*
*Chas. A. Phillips, Judge.*

Action by W. J. Moon against the Des Moines Insurance Company of Des Moines, Iowa. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Read & Read* and *Utterback & Hayes,* for plaintiff in error.

*Charles E. McPherren, Charles P. Abbott,* and *Charles B. Cochran,* for defendant in error.

HAYES, J. Defendant in error brought this action in the court below to recover on an insurance policy issued by plaintiff

in error to one Sol. J. Homer, which, after destruction of the property insured, was assigned by Homer to defendant in error. Several questions of law are presented by plaintiff in error's assignments, but the only questions that we need consider and determine are, first, the effect of certain conditions and stipulations in the policy; and, second, whether such conditions and stipulations were waived by the plaintiff in error.

The cause was tried to the court without a jury, whose finding of fact and judgment were for defendant in error, plaintiff below. The evidence bearing upon the questions we shall consider is without substantial conflict. The policy of insurance was issued and countersigned by the local agent of the company at Caddo, Ind. T., on the 10th day of June, 1907, which was before the admission of the state into the Union. A vacancy permit was indorsed upon the policy on the 5th day of December, 1907. On the next day (December 6th) the property insured, which was a one-story frame building, was destroyed by fire. On the 10th day of January, 1908, the policy sued upon was assigned by Sol J. Homer, the insured therein, to defendant in error. The policy contains, among the many other stipulations usually found in the standard fire insurance policy, the following stipulation or condition:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * *"

Another stipulation provides:

"No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto. * * *"

The property insured, together with the land upon which it stood, was purchased by Sol J. Homer, an agent of defendant in

error, for defendant in error at an execution sale, and a deed was executed to Sol J. Homer, conveying the title thereto.

While the record title at the time the policy was issued, and at the time of the fire, stood in Homer's name, he in fact had no interest in the property, other than as holder of the naked legal title for the benefit of defendant in error, who was the real owner. These facts plainly constitute a violation of the foregoing provision of the policy that the interest of the insured is and shall be an "unconditional and sole ownership." The effect of this clause in the policy is to require that the title of insured shall be the actual and substantial ownership, rather than the strictly legal title; that his interest must be of such nature that he will sustain the whole loss, if the property is destroyed. Cooley's Briefs on Law of Ins. vol. 2, p. 1369. Homer never had any interest in the property or title thereto, except as the holder of the legal title as trustee for defendant in error, who could at any time have compelled a conveyance thereof by Homer to him. In *Arkansas Insurance Co. v. Cox*, 21 Okla. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, it was held that a vendee of land occupying same under an executory contract of purchase, on which he had paid a portion of the purchase price, and upon which he had made improvements, is an unconditional and sole owner in fee simple of the equitable title, and had such an interest in the property as to comply with the conditions of a policy providing that the same should be void "if the interest of the insured be other than unconditional and sole ownership, both legal and equitable." If defendant in error had taken out a policy of insurance upon this property before its destruction, containing the same clause here under consideration, it could not be questioned, under the authorities, that he has such an ownership in the property as meets the requirements of sole and unconditional ownership; but it is impossible for defendant in error and Homer each to have the sole and unconditional ownership of the property at the time of the issuance of the policy. That the holder of a naked legal title to property, without any beneficial use or interest therein, has not the unconditional and sole ownership, within the meaning of this and similar provisions of insurance

policies, is, so far as we have been able to examine the cases, the doctrine of all the authorities, among which are the following: *Clay Fire & Marine Ins. Co. v. Huron Salt & Lumber Mfg. Co.,* 31 Mich. 346; *Martin v. State Ins. Co.,* 44 N. J. Law, 485, 43 Am. Rep. 397; *Garver v. Hawkeye Ins. Co.,* 69 Iowa, 202, 28 N. W. 555.

The local agent of the company, who countersigned and issued the policy, had knowledge at the time of the condition of the title, and it is insisted by defendant in error that such knowledge constitutes a waiver of the provisions of the policy avoiding it for lack of sole and unconditional ownership in the insured; but this question has heretofore been determined by this court against the contention of defendant in error. *Phoenix Insurance Co. v. Ceaphus,* 29 Okla. 608, 119 Pac. 583; *State Mutual Ins. Co. v. Craig,* 27 Okla. 90, 111 Pac. 325; *Sullivan v. Mercantile Town. Mut. Ins. Co.,* 20 Okla. 460, 94 Pac. 676, 129 Am. St. Rep. 761.

In all of the foregoing cases, there was a clause in the insurance policy prohibiting the agent and officers of the company from waiving any of the provisions or conditions of the policy, except by written indorsement thereon; and this court held that where such contracts were executed before the admission of the state into the Union it would be bound by and follow the rule announced by the Supreme Court of the United States in *Northern Assurance Co. v. Grand View Building Ass'n,* 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213; which holds that a stipulation requiring waivers to be made only by written indorsement upon the policy applies to conditions existing and within the knowledge of the agent at the inception of the contract, as well as the conditions arising subsequent to its execution. *Phoenix Ins. Co. v. Ceaphus, supra,* is squarely in point. In that case, as in this, the policy was executed before the admission of the state, and the loss occurred afterward. The policy in that case contained the provisions here under consideration. It covered a building, not located upon land owned by the insured at any time prior to its destruction, but upon land belonging to his wife. The insured attempted to establish a waiver of the conditions of the policy by

showing that he informed the agent of such fact at the time he came to inspect the risk and before the policy was written; but it was held that such fact, by reason of the provisions of the policy limiting the power of the agent, did not constitute a waiver of its provisions rendering the policy void if the building was on ground not owned by the insured in fee simple. In all of the foregoing cases, the court has limited the application of this doctrine to cases arising on contracts executed before the admission of the state, during which time the rule of the Supreme Court of the United States in the Northern Assurance Co. case was the law in this jurisdiction. In *Western National Ins. Co. v. Marsh,* 34 Okla. ——, 125 Pac. 1094, in an opinion by Ames, C., this court refused to follow the rule of the Northern Assurance Co. case in cases arising on contracts of insurance executed since the admission of the state, and, as to such contracts, adopted the rule, supported by the overwhelming weight of authority of the state courts, holding that, where the local agent has the power to accept a risk and deliver a policy of insurance, and is advised and has full knowledge, at the time of the delivery of the policy, that certain conditions of the policy which may be waived are violated, such policy is binding upon the company, notwithstanding the fact that it contains a provision that none of the company's officers or agents can waive any of its provisions, except in writing, indorsed upon the policy. This case, unanimously concurred in by the members of the court, settles the rule in this jurisdiction as to contracts of insurance written after the admission of the state; but it has no application to the contract involved in the instant case.

It is next contended that because the local agent, at the time he indorsed the vacancy permit upon the policy, had knowledge of the condition of the title, the provision of the policy making it essential for the liability of the company thereunder that the insured shall have an unconditional and sole ownership in the property insured was waived; but if the knowledge of the agent of the condition of the title at the inception of the contract cannot, on account of the limitations of his power contained in the policy, operate to waive the provisions of the policy relative to

the title, no reason appears to us upon which defendant in error's second contention as to waiver can be sustained. One of the provisions of the policy which may be modified by agreement indorsed thereon is that the policy shall be void if the building be or become vacant and unoccupied, and so remains, for ten days. Insured attempted to comply with this provision of the policy upon the building becoming vacant by having indorsed thereon a modification of the provision, whereby the company consents that the building may remain vacant for a period not exceeding 60 days, upon the consideration that the company's liability and the amount of insurance under the policy shall be reduced to two-thirds of the amount as originally written, and to remain while the permit is in force. This modification of the policy the agent had authority to make by the express terms of the policy, when made in the manner it was made, to wit, by a written indorsement upon the policy. But, before this act of the agent took place, the insured had accepted and received his policy, by the terms of which the powers of the agent are defined, and the insured is charged with knowledge or notice of the limitations the policy imposes upon the agent's power. One of these limitations is that he cannot waive the provisions of the policy as to the ownership of the property, unless it be by an agreement indorsed upon or added to the policy. One reason advanced by many of the courts for sustaining oral waivers at the inception of the contract because of the agent's knowledge of the violation of its provisions is that the insured has not received his contract, does not know its provisions, and has no notice of the limitations of the power of the agent; but this reason cannot apply to the second contention of defendant in error. At the time he sought to have one of the provisions of his policy modified in the manner the policy provided, he knew that another condition of his policy was violated; that by the terms of said policy it had not been waived; and that under the terms of the policy it could not be waived by the agent, except in the manner specified by the policy. He never attempted to secure a modification of the contract, with respect to such provision, in the manner authorized by the policy.

After discussing the doctrine, supported by the decisions from the greater number of the state courts, to the effect that restrictions in a policy on the power of agents with respect to waiver do not apply to those conditions which relate to the inception of the contract, in Cooley's Briefs on the Law of Insurance, at page 2513, it is said:

"The rule stated thus far in reference to waivers of conditions precedent will not generally apply where the waiver relied on is one that has taken place subsequent to the delivery and acceptance of a policy, as the insured is then presumed to have knowledge of the restrictions, and will be bound thereby. He cannot then rely on a waiver by an agent, contrary to the limitations expressed in the policy, unless it appears that the agent's authority has been enlarged."

See, also, *Northern Assurance Co. v. Grand View Building Association, supra; Moore et al. v. H. F. Ins. Co.,* 141 N. Y. 219, 36 N. E. 191; *Quinlan v. P. W. Ins. Co.,* 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645; *Egan v. Westchester Ins. Co.,* 28 Ore. 289, 42 Pac. 611; *Weidert v. State Ins. Co.,* 19 Ore. 261, 24 Pac. 242, 20 Am. St. Rep. 809; *Sprague v. Western Home Ins. Co.,* 49 Mo. App. 423; *Enos v. Sun Ins. Co.,* 67 Cal. 621, 8 Pac. 379; *Catoir v. Am. Life Ins. & Trust Co.,* 33 N. J. Law, 487; *Bank v. Fireman's Ins. Co.,* 55 W. Va. 261, 47 S. E. 94.

It is true that the condition constituting a violation of the policy in the instant case existed at and before the inception of the contract. This condition did not arise subsequently, but it continued to exist until the property insured was destroyed; and the act of the agent relied upon, as constituting the defendant in error's second contention, as constituting a waiver of the provisions of the policy occurred subsequent to its execution and delivery. No attempt was made in the case at bar to show that the local agent's authority as to the manner in which he could waive provisions of the policy had been enlarged since execution and delivery of the policy. Whether an agent might not, by custom or practice of the company, or by authority specifically granted, be vested with power to waive the provisions of a policy that restricts the agent's authority to waive any condition of the policy

only by written indorsement upon the policy, and to bind the company by a waiver made in a different manner, we are not called upon by the facts before us to decide.

Defendant in error did not in the court below plead a waiver upon either of the grounds contended for in his brief and considered in this opinion. It is a well-settled rule in this jurisdiction that, in order to rely upon a waiver, the party must plead the facts constituting the waiver. *American Jobbing Association v. James,* 24 Okla. 460, 103 Pac. 670; *Dwelling House Ins. Co. v. Johnson et al.,* 47 Kan. 1, 27 Pac. 100. But where evidence is admitted without objection, showing a waiver, and the cause is tried upon that theory, it has been held that a pleading will be presumed to have been amended to conform to the proof. *St. Paul F. & M. Ins. Co. v. Griffin, ante,* 124 Pac. 300; *Kaufman v. Boismier,* 25 Okla. 252, 105 Pac. 326. It is very questionable, however, whether the record in this case as to the admission of evidence pertaining to the waiver, a part of which was introduced over objection, is such as to entitle defendant in error to rely upon the waiver of the provisions of the policy; but, since it is apparent that, if this cause should be reversed because of introduction of evidence to establish waiver, the questions here considered affecting the merits and decisive of the case would arise in a subsequent hearing, we have deemed it best to decide the case upon the questions considered.

The judgment of the trial court is accordingly reversed and the cause remanded, with instructions to proceed in accordance with this opinion.

TURNER, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., dissenting.