AUTOMOBILE UNDERWRITERS, INC. *v.* TITE ET AL.

[No. 17,847. Filed April 28, 1949.]

252

*Fenton, Steers, Beasley & Klee*, of Indianapolis, and *Waller, McGinnis & Merrill*, of Evansville, for appellant.

*Morton W. Newman, Jerome L. Salm* and *Isadore Newman,* all of Evansville, for appellees.

DRAPER, J.—This is an action brought by the appellee Tite, to recover on a policy of automobile insurance issued to him by the appellant, which policy covered loss suffered by reason of collision.

The company defended on the ground that Tite stated in his application for insurance that the automobile was titled in the name of the owner; the policy was issued in reliance upon the application; and the policy contained a warranty that Tite was the sole owner of the vehicle; whereas, in fact, one Ramsey actually owned the vehicle, and Tite had taken the title in his name only because Ramsey was a minor.

The court found the facts specially, stated con-

conclusions of law favorable to Tite and rendered a judgment awarding him $360.

The certificate of title named Tite as owner, but whether he or Ramsey actually owned the car was disputed. The evidence was such that it would have supported a finding that Tite was actually the sole owner of the automobile. On the other hand it would have supported a finding that Ramsey was the sole owner thereof. The trial court found that Tite was the "legal title holder" of the automobile, but expressly stated that it was making no finding as to the equitable ownership thereof. The court's refusal to do so is explained by its first conclusion of law which says "That as a matter of law the ownership of the equitable title to the automobile is immaterial."

The trial court should find all material or controlling facts within the issues of a case where there is credible evidence on the subject. 53 Am. Jur., § 1134, p. 788; 64 C. J., Trial, § 1077, p. 1232. We cannot regard this as a case where a "failure" to find is equivalent to a finding against the party having the burden. The record before us clearly indicates the court would not make a finding on the issue of actual ownership, and it further indicates the court's reason for refusing to do so. We are not at liberty to close our eyes to the truth as brought home to us by the record.

The pleadings put the beneficial or equitable ownership of the vehicle directly in issue. There was much apparently credible evidence on the subject. The question, then, is whether such ownership of the vehicle was a controlling fact in this case. If so, the fact should have been found. No case directly in point has been cited.

A certificate of title to a motor vehicle is not conclusive proof of title in him who is therein designated

as the owner. *Nichols* v. *Bogda Motors Inc.* (1948), 118 Ind. App. 156, 77 N. E. 2d 905. It is evidence, but not conclusive evidence, of ownership. *Meskiman* v. *Adams* (1925), 83 Ind. App. 447, 149 N. E. 93.

It is generally said that he is the owner of property who, in case of its destruction, must sustain the loss. 42 Am. Jur., § 37, p. 214. Ownership is sole when no other has any interest in the property as owner. *Hudson Casualty Ins. Co.* v. *Garfinkel* (1932), 111 N. J. Eq. 70, 161 Atl. 195; *Bardwell* v. *Commercial Union Assur. Co.* (1933), 105 Vt. 106, 163 Atl. 633. There cannot be two different sole owners of the same property at the same time. *Des Moines Ins. Co.* v. *Moon* (1912), 33 Okla. 437, 126 Pac. 753.

In the application for insurance, Tite represented the car was *titled* in the name of the *owner*. The title was in his name and he thus represented himself to be the owner. The statement that the subscriber (Tite) was the *sole owner* of the automobile appears on the face of the policy under the heading "Warranties." This latter statement was thus expressly made a warranty by the terms of the policy itself. A breach of a warranty in a policy of insurance furnishes grounds for avoiding the policy by the insurer. *Phoenix Insurance Company* y. *Benton* (1882), 87 Ind. 132; *Baker et al.* v. *The German Fire Insurance Company* (1890), 124 Ind. 490, 24 N. E. 1041; *National Live Stock Ins. Co.* v. *Owens* (1916), 63 Ind. App. 70, 113 N. E. 1024; *Western Life Indemnity Co.* v. *Couch* (1919), 70 Ind. App. 684, 123 N. E. 11; see also 29 Am. Jur., § 529 et seq., p. 426; 32 C. J., Insurance, § 517, p. 1291.

As above stated, the evidence would have supported the appellant's assertion that although the certificate of title named Tite as the owner, he held the bare legal

title to the automobile, and Ramsey actually owned the entire beneficial or equitable interest therein. The evidence would have justified a finding to that effect. In that situation Tite would not be the sole owner of the automobile, and there would be a breach of the warranty. *Hudson Casualty Ins. Co.* v. *Garfinkel. supra; Des Moines Ins. Co.* v. *Moon, supra; Bardwell* v. *Commercial Union Assur. Co., supra.* See also *Hirsh* v. *City of New York* (1924), 218 Mo. App. 673, 267 S. W. 51; *Kimbal Ice Co.* v. *Springfield Fire & Marine Ins. Co.* (1926), 100 W. Va. 728, 132 S. E. 714.

We think the sole beneficial or equitable ownership of the automobile was a controlling fact in the case, and the trial court should have determined from the evidence and found as a fact whether such ownership rested in Tite or Ramsey.

The appellee suggests a waiver on the part of the appellant, in that its representative knew the facts relating to ownership of the automobile. It is sufficient to say that no such issue was presented by the pleadings; no finding having to do with such a situation was made; and no such fact was established by uncontradicted evidence so as to compel such a finding in favor of the appellee.

Judgment reversed and cause remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 85 N. E. 2d 365.