■ CITY-WIDE KNITWEAR PROCESSING Co., INC., et al., Plaintiffs, v SAFECO INSURANCE COMPANY OF AMERICA et al., Appellants, and PARK LANE COMMERCIAL CORPORATION, Respondent, et al., Defendants.—In an action, *inter alia,* to recover on a fire insurance policy, the appeal is from an order of the Supreme Court, Queens County, dated August 19, 1974, which, *inter alia,* granted respondent's motion (1) to extend its time to serve and file its modified answer, counterclaim and cross claim and (2) for summary judgment on its cross claim against appellants. Order affirmed, without costs *(City-Wide Knitwear Processing Co. v Safeco Ins. Co. of Amer.,* 44 AD2d 689, affd 36 NY2d 717). We have reached the merits of this case even though appellants did not serve an answer to respondent's cross claim prior to the entry of the order under review, due to the fact that they addressed themselves to the merits of respondent's motion for summary judgment, both in their opposing affidavits submitted at Special Term and in their brief on appeal. Gulotta, P. J., Latham and Shapiro, JJ., concur; Martuscello and Cohalan, JJ., dissent and vote to reverse the order and to deny respondent's motion, with the following memorandum: Special Term previously granted summary judgment to another defendant in this action, ITM, Ltd., on a similar cross claim against appellants. That order has been affirmed on appeal *(City-Wide Knitwear Processing Co. v Safeco Ins. Co. of Amer.,* 44 AD2d 689, affd 36 NY2d 717). The prior determination was based on the fact that a typed endorsement to the same fire insurance policy with which we are here concerned specifically stated that the policy's standard mortgage clause was amended by listing ITM as a chattel mortgagee. Consequently, it was held that this endorsement expanded the coverage of the policy's standard mortgage clause, which initially was applicable to mortgagees of "buildings only", so as to afford protection to ITM as a chattel mortgagee and that ITM was therefore not subject to defenses arising from the acts or neglects of the insured mortgagor. However, the separate printed endorsement to the fire policy herein adding respondent Park Lane as a chattel mortgagee merely states: "CHATTEL MORTGAGEE IS HEREBY ADDED TO READ: PARK LANE COMMERCIAL CORP." Clearly, this endorsement did not purport to amend the standard mortgage clause so as to expand its initial coverage, i.e., "buildings only", to include chattel mortgagees. Since respondent does not come within the purview of the standard mortgage clause of this fire policy, it is a mere appointee of the owner and is subject to the defenses which could be raised against the owner *(Moore v Hanover Fire Ins. Co.,* 141 NY 219, 223; *Chartered Bank of India, Australia & China v North Riv. Ins. Co.,* 136 App Div 646, 649; *Williams v Pioneer Co-Op. Fire Ins. Co.,* 183 App Div 826, 831; *Kramer Grocery Co. v Glens Falls Ins. Co.,* 356 F Supp 771).