PARAGOULD WHOLESALE GROCERY COMPANY, a Corporation, Appellant, v. W. C. MIDDLETON, Defendant, W. G. MIDDLETON, Interpleader, Respondent.

Springfield Court of Appeals, December 5, 1921.

1. **FRAUDULENT CONVEYANCES: Transfer of Motor Vehicle Without Complying with Statute Fraudulent and Void.** Purchase by half owner of automobile of the other half interest therein. from a person to whom certificate of registration was issued under Revised Statutes 1919, section 7561, was fraudulent and void where no notice was given or fee paid under such statute, and the purchaser could not claim ownership as against attaching creditor of seller.

2. **JUDGMENT: Judgment Must be Responsive to Pleadings.** In action, wherein an automobile was attached and a third party interpleaded on the theory that the entire ownership was in him, and the creditor contended that the property was that of defendant and that claims made by interpleader were fraudulent, a judgment could not be rendered in favor of interpleader for a special half interest in the automobile, as it would not be responsive to the pleadings.

3. **ATTACHMENT: Testimony Held Inadmissible in Claim Proceeding.** Where an attachment was levied on motor truck, and defendant's vendee filed interplea and claimed ownership of the truck, and plaintiff contended that the claim made by the interpleader was fraudulent, court correctly excluded testimony concerning goods found in the home of interpleader after a fire had consumed defendant's store, as that would not tend to prove the issue involved in the case.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*Sam J. Corbett* and *S. I. Steles* for appellant.

(1) So, the sale of the half interest being fraudulent and void, the defendant and the interpleader were

still at the time of the attachment and trial joint owners of the truck, upon the theory of the law most favorable to them, and one joint owner cannot maintain replevin, or interplead for it, all must join in the suit. Farmers' Savings Bank v. Trust Co., 196 S. W. 37; McCabe v. Transfer Co., 131 Mo. App. 531, 110 S. W. 606; Ingals v. Alexander, 138 Mo. 358, 39 S. W. 801; Steckman v. Bank, 126 Mo. App. 664, 105 S. W. 674. (2) The record shows there was no explanation made by the witness. This evidence was incompetent, and permitted the interpleader to decide the case instead of the jury, and invaded the province of the jury and should have been excluded. Lutz v. Metropolitan St. Ry., 123 Mo. App. 499, 100 S. W. 46; Spaulding v. City of Edina, 122 Mo. App. 65, 97 S. W. 545; Miller v. Town of Canton, 112 Mo. App. 322, 87 S. W. 96. (3) This evidence was incompetent, as it was purely a self-serving declaration, made by the interpleader to the witness. 22 Corpus Juris, 220, sec. 193; Townsend v. Schaden, 275 Mo. 227; Steltemeier v. Barrett, 115 Mo. App. 323, 91 S. W. 56.

*McKay & Medling* for respondent.

(1) But in this case there is no proof that defendant was insolvent. Fraud cannot be inferred from the mere fact that the seller was in debt. State ex rel. v. Merritt, 70 Mo. 275. (2) Fraud will not be presumed when all the facts are consistent with honesty and fair dealing, and they do not show an intent to defraud. Henderson v. Henderson, 55 Mo. 534; Garesche v. McDonald, 103 Mo. 1. (3) Proof of prior debts, insolvency at the time of the conveyance, or that the grantor was rendered insolvent by such conveyance, a design to hinder, delay or defraud those to whom he is about to become indebted, are some of the marked *indicia* of fraud. Lander v. Ziehr, 150 Mo. 150.

FARRINGTON, J.—The plaintiff, a creditor of W. C. Middleton, attached an automobile truck which he had been using in his business. W. G. Middleton, father

of defendant W. C. Middleton, filed an interplea claiming the full ownership of the truck and the jury returned a verdict for the interpleader. Judgment was entered accordingly, and it is from this judgment that plaintiff appeals.

The view we take of this case requires a reversal of the judgment. We will, therefore, state the evidence most favorable to the interpleader. It is his claim that he and his son purchased this automobile truck and owned it jointly for some time, then he claims to have purchased his son's interest prior to the date of the attachment. The case was tried out on the part of the interpleader on the theory that he was the sole owner of this property and was entitled to it and to its possession; the plaintiff contending that the property was entirely that of the defendant, W. C. Middleton, and that the claim made by W. G. Middleton, the interpleader, was fraudulent. As stated before, the jury found that the truck belonged to the interpleader, W. G. Middleton. The evidence of the interpleader defeats his claim as to entire ownership of this truck, as he claims to have purchased the interest of his son and admits that there was no compliance with the requirements of section 7561, Revised Statutes of Missouri 1919. A certificate of registration was issued to the son, W. C. Middleton, to operate this truck, and it is admitted that at the time the interpleader claims to have purchased his son's interest no notice was given or fee paid to the Secretary of State. The statute in express language declares that "any sale or transfer of such motor vehicle without complying with the provision of this section shall be fraudulent and void," the section then providing penalties for failure to comply.

We have found no construction of this provision of the statute, but to hold that the alleged sale claimed to have been made by the interpleader was a valid sale would be in direct conflict with the express provisions of the statute. We must therefore hold that the judgment of the court declaring ownership in W. G. Middleton to

this automobile truck is erroneous, and the cause must be remanded. If on a retrial the interpleader desires to set up a special interest in the truck, that is a half interest therein by reason of the original purchase, he should be permitted to do so, and in that case the issue would be tried out on whether the interpleader had a special interest or none at all. No judgment for a special interest could have been rendered in the cause as it was tried, as the same would not have been responsive to the pleadings. [See Nelson Distilling Co. v. Hubbard, 53 Mo. App. 23. See, also, as to procedure where interpleader claims special interest, Urquhart v. Sears, Roebuck Co., 227 S. W. 1. c. 882.]

Some question is raised about the admittance of certain evidence. We find that the court did permit witnesses to make answers to questions clearly calling for a conclusion. On a retrial this will doubtless be eliminated.

We think that the court ruled correctly excluding testimony concerning the goods found in the home of W. G. Middleton after a fire had consumed the store of W. C. Middleton, as that would not tend to prove the issue involved in this case. We further find against the appellant on the claim that there should be a verdict directed for plaintiff on the ground that the property had not sufficiently changed hands. This, under the facts of the case, becomes a jury question and it was properly submitted in the instructions. For the reasons heretofore given, the judgment is reversed and the cause remanded. *Cox, P. J.*, and *Bradley, J.*, concur.