HARRY HIRSCH, Respondent, v. CITY OF NEW YORK INSURANCE COMPANY, Appellant.[*]

Kansas City Court of Appeals. December 29, 1924.

1. INSURANCE: Insurable Interest: Waiver: Contract of Insurance Void Unless Insured Has Insurable Interest in Subject-Matter, and Insurer Cannot be Held to Such Contract on Principle of Waiver. A contract of insurance is void unless the insured has some in-

218 Mo. App.—43.

surable interest in the subject-matter and insurance company cannot be held to a contract of insurance on the principle of waiver where company could not make such a contract in the first instance.

2. ———: Issuance of Certificate of Title to Wife Held Not to Conclusively Show That Husband Was Not Sole Owner of Automobile Without Insurable Interest. Under Act of July 30, 1921 (Laws Ex. Sess. 1921, 1090, sec. 18, C.), issuance in accordance therewith of certificate of title to automobile to wife of owner who had the same insured in his name, *held* not to conclusively show that husband was not sole owner of car and without insurable interest.

3. ———: In Action on Policy Issued upon Automobile an Instruction Failing to Require Finding That Plaintiff Was Sole and Unconditional Owner Thereof, Held Erroneous. In a suit upon a fire and theft insurance policy issued upon automobile, where defense was that certificate of title thereto was issued to plaintiff's wife and thereby he was not sole owner and had no insurable interest, an instruction submitting evidence of waiver by defendant and failing to require finding that plaintiff was sole and unconditional owner was erroneous as such question of ownership was for the jury.

---

*Corpus Juris-Cyc. References; Insurance, 32CJ, p. 1110, n. 45, 49; p. 1112, n. 24.  Motor Vehicles, 28 Cyc., p. 50, n. 59, New.

Appeal from the Circuit Court of Pettis County.—*Hon. Dimmitt Hoffman,* Judge.

REVERSED AND REMANDED.

*H. B. Shain, W. D. O'Bannon* and *Mark A. McGruder* for respondent.

*Fyke, Snider & Hume* for appellant.

BLAND, J.—This is a suit upon a fire and theft insurance policy issued upon an automobile. There was a verdict and judgment in favor of plaintiff in the sum of $1100 and defendant has appealed.

The policy insured the automobile for one year beginning the 5th day of November, 1922. The car was stolen and destroyed by fire on September 6, 1923. The

policy recites that plaintiff was the owner of the automo-
bile and provides—

". . . that this entire policy shall be void un-
less otherwise provided by an agreement in writing add-
ed thereto; (a) if the interest of the assured in the sub-
ject of this insurance be other than unconditional and
sole ownership."

The evidence shows that the car was purchased by
plaintiff from a dealer at Sedalia, Missouri, in the month
of December, 1921. The car was acquired and used by
plaintiff for general family purposes. Plaintiff was away
from home a great deal, being a traveling salesman, and
without his knowledge and consent a certificate of title
was taken out by his wife in her name on February 6,
1922. About thirty days after the policy was taken out,
plaintiff in looking over the papers found the certificate
of title had been so taken out. He thereupon notified the
agent of defendant of this fact and the agent told him
that "it was all right; that don't make any difference."

Defendant insists that its instruction in the nature
of a demurrer to the evidence should have been given for
the reason that the evidence shows that plaintiff was not
the owner of the automobile, that title to the automobile
is in his wife and, therefore, plaintiff had no insurable
interest in it. The case was tried and submitted by plain-
tiff upon the theory of waiver, but, of course, it is well
settled that a contract of insurance is void unless the in-
sured has some insurable interest in the subject-matter
and that the insurance company cannot be held to a con-
tract of insurance on the principle of waiver where the
company could not make such a contract in the first in-
stance. [Wisecup v. Ins. Co., 186 Mo. App. 310; Lafout
v. Ins. Co., 193 Mo. App. 543, 548.]

The question then is whether the taking out of the
certificate of title by plaintiff's wife without his consent
and unknown to him conclusively shows that he was not
the owner of the property. The Act of July 30, 1921,
which became effective on November 2, 1923, Laws of
1921, p. 90 (extra session) provides—

"Four months after this law takes effect and thereafter, it shall be unlawful for any person to buy or sell in this State any motor vehicle or trailer registered under the laws of this State, unless, at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this State, without the assignment of such certificate of ownership, shall be fraudulent and void. In the case of dealers, a separate certificate of ownership, either on such dealer's immediate vendor, or of the dealer himself, shall be required in the case of each motor vehicle in his possession, and the commissioner shall determine the form in which application for such certificates of ownership and assignments shall be made, in case forms differing from those used for individuals are, in his judgment, reasonably required; provided, however, that no such certificates shall be required in the case of new motor vehicles or trailers sold by manufacturers to dealers."

The Act further provides (page 89)—"Application shall be made upon a blank form furnished by the commissioner and shall contain a full description of the motor vehicle or trailer, manufacturer's or other identifying number, together with a statement of the applicant's source of title and of any liens or encumbrances on the motor vehicle or trailer. The commissioner shall use reasonable diligence in ascertaining whether the facts stated in such application are true, and, if satisfied that the applicant is the lawful owner of such motor vehicle or trailer, or otherwise entitled to have the same registered in his name, shall thereupon issue an appropriate certificate over his signature and sealed with the seal of his office, procured and used for such purpose."

The certificate of title issued by the commissioner of motor vehicles to plaintiff's wife recites—

"I do further certify that I have used reasonable diligence in ascertaining whether or not the facts stated

in said application for a certificate of title are true, and that I am satisfied that the applicant is the lawful owner of the above-described motor vehicle, or is otherwise entitled to have the same registered in his name.''

The car was purchased from the dealer at a time when he was not required by law to give to the purchaser a certificate of ownership or an assignment in the form to be determined by the commissioner. It seems that the certificate of title issued to plaintiff's wife was the first and only certificate issued to this car. It was issued upon her application reciting that she was the owner of the automobile. The Act merely provides for an *ex parte* investigation to be made by the commissioner such as to satisfy him that the facts stated in the application are true, and that the applicant is the lawful owner of the automobile. Thereupon he issues a certificate of title. Of course, any such certificate so issued could not be conclusive upon the real owner of the automobile. This case is no different in principle than if a stranger had procured a certificate of title to this automobile when the automobile in fact belonged to plaintiff. Under such circumstances, of course, no reasonable person would say that the real ownership was in the stranger, although the issuance of such a certificate is no doubt some evidence of title.

Defendant insists that plaintiff's reply admits that the title was in his wife but on the contrary it specifically alleges that the automobile was the sole and absolute property of plaintiff and merely states that his wife had the car registered in her name without his knowledge and consent. Defendant also insists that plaintiff admitted that the title was in his wife. Plaintiff testified that when he looked at the papers ''I knew the policy was in my name and the title in my wife's name,'' and that he called the agent's attention to this situation.

''Q. Now if I understood you, when you took the policy out, to take home and looked at the certificate of title, you saw the certificate was in your wife's name, is that right? A. Yes, sir.

"Q. And you then called Fox to rectify the mistake and he told you it made no difference? A. Yes, sir."

Plaintiff's evidence taken as a whole shows that he was insisting that he owned the car and that his wife had no authority to register it in her name. It is quite apparent from his testimony that when he said the title was in his wife's name he merely meant that the certificate of title was in the name of his wife. Paragould Wholesale Grocery Co. v. Middleton, 235 S. W. 469 and Howell v. Connecticut Fire Ins. Co., 257 S. W. 178, cited by the defendant, are cases merely holding that sales wherein certificates of title are not passed, are void.

Holding as we do that there was evidence that plaintiff was the sole owner of the automobile in question, it is not necessary for us to go into the subject as to what interest a husband has in the personal property of his wife or whether that interest, if any, is an insurable interest. The case was pleaded, tried and submitted upon a different issue and defendant has not briefed the question of whether a husband has an insurable interest in his wife's automobile. However, we are not called upon to decide this question for the reasons given.

We think that defendant's objection to plaintiff's instruction No. 1 is well taken. This instruction covers the whole case and directs a verdict and submits to the jury the facts in evidence, which plaintiff contended showed a waiver of the right of the defendant to insist that plaintiff was not the sole and unconditional owner of the automobile in question; in other words, it submits to the jury facts tending to show that the notice of the true situation by plaintiff to defendant's agent and the facts in connection therewith tending to show waiver. The instruction does not have the jury find that plaintiff was the owner of the car, but on this subject merely tells the jury "that if you find and believe from the evidence that the plaintiff paid for the automobile in question and that a certificate of title to the same was issued to the wife of the plaintiff," etc. The question of whether

plaintiff was the sole and unconditional owner of the automobile was one for the jury. It is true that there is no evidence to dispute that of plaintiff that he purchased the car himself and paid for it and while plaintiff testified that the title was issued in the name of his wife without his knowledge and consent, it does show that he never made any effort to correct this but continues to permit the record to show that his wife was the owner of the automobile. The certificate of title is some evidence of ownership in plaintiff's wife. It was for the jury to believe or disbelieve plaintiff's testimony that the title was issued in the name of his wife without his consent. The fact that he may have paid for the car is not conclusive evidence that he owned it at the time the policy was issued and at the time of the loss, any more than the certificate of title is conclusive evidence that his wife owned the car. Plaintiff may have owned the car when it was purchased but it may have been his wife's by gift or otherwise when the certificate of title was issued. As before stated, he has never made any effort to correct the error, if such it was, in having the certificate in his wife's name. In the first place, the instruction was based upon an erroneous theory. It wholly fails to have the jury find that plaintiff was the sole and unconditional owner of the property at the time of the issuance of the policy and at the time of the loss.

The judgment is reversed and the cause remanded. All concur.