THE LONDON & LANCASHIRE INSURANCE COMPANY,
LTD., By OSMOND KEAN, Agent,
Plaintiff

v.

THE AMERICAN CARIBBEAN CORPORATION
and REUBEN BARNETT, Defendants

Civil No. 11 - 1950

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

June 25, 1951

**MOORE,** *Judge*

The London and Lancashire Insurance Company, Limited, London, England, by Osmond Kean, Agent, plaintiff in this proceeding, filed suit for debt against The American Caribbean Corporation, Reuben Barnett, defendants, for earned premiums on an insurance policy issued under the following circumstances:

Some time prior to March 21, 1949, Reuben Barnett, who had submitted a bid to the Department of the Interior for the leasing of Bluebeard's Castle Hotel in St. Thomas, Virgin Islands, owned by the United States Government, negotiated with the agent of the above-named company for insurance on the said Bluebeard's Castle Hotel, including buildings and contents of all buildings used for hotel purposes. On March 21 a Binder or Interim Protection Note for $100,000.00 on thirteen buildings and their contents was issued, which reads as follows:

"No. 483760 St. Thomas, March 21, 1949

"Mr. Reuben Barnett, Lessee, proposes to assign Lease to Successor Corporation, and Loss Payable Clause in favor United States of America being desirous to effect an Insurance from Loss by Fire, Hurricane, Earthquake, and Fire caused directly or indirectly by either on the following Property, viz.: — (13) Thirteen Reinforced concrete Buildings used for Hotel purposes and contents in all buildings being used — Situation: Parcel No. 1, Taarnebjerg, Kings Quarter, Charlotte Amalie, St. Thomas, V. I., known as Bluebeards Castle Hotel, values insured under full coinsurance:

| | |
|---|---|
| Buildings | $75,000.— |
| Contents | 25,000.— |

One hundred Thousand Dollars,

| Total | $100,000.—U. S. Cy. |
|---|---|

"The said Property is hereby held insured against damage by Fire and other risks as above noted subject to the terms of the Applicant's Proposal and to the usual Conditions of the Company's Policies. It is, however, expressly stipulated that this Protection Note cannot, under any circumstances, be applicable for a longer period than THIRTY DAYS, and that it is also immediately terminated before that date by the delivery of the Policy, or, if the Risk be declined by the notification of such declinature.

"Combined Rate 1.4125% less 16 2-3% for 3 years Policy discount.

"Premium $3531.25 U S Cy for Three years (3)

/s/ Osmond Kean
Agents."

After receiving the above Interim Protection Note, defendant Barnett, at the bottom of the letter of transmittal of the said note, wrote as follows: "I accept this Binder 3/22/49 R. Barnett."

"3/23/49.

"I herewith return this binder and request $200,000.00 building and contents pending valuation of properties and execution of lease.

R. Barnett."

In response to that request the agent wrote to Barnett in a letter dated March 22, 1949 (Plaintiff's Exhibit No. 6), as follows:

"March 22, 1949

"Mr. Reuben Barnett, Lessee
Bluebeards Castle Hotel
Charlotte Amalie
St. Thomas, Virgin Islands
"Dear Mr. Barnett
"In accordance with your oral request, I have issued Interim Protection Note No. 483761 for $200,000.00

190

U. S. C'y on Bluebeards Castle Hotel's buildings and contents with a total premium for three years of $6,562.50 and this Note supersedes No. 483760 which is considered cancelled.

"The Note is forwarded for your information and files and I shall appreciate, if you were to return Note No. 483760 so that it may be cancelled and returned to the Head Office.

"Just as soon as I receive advices from London and rates on Third Party Public Liability, and Property Damage also Business Interruption Insurance I shall be pleased to communicate and bind these risks.

"Meanwhile, I shall be thankful, if you will acknowledge receipt of this communication.

"Yours very truly,

/s/ Osmond Kean"

The defendant Barnett does not remember having received the above letter, but admits it is possible that he could have received it.

Some time after the issuance of the Interim Protection Note the plaintiff issued a policy (Plaintiff's Exhibit No. 4), bearing the same date of the Note, March 21, 1951, in the amount of $200,000.00, to "The American Caribbean Corporation, Bluebeard's Castle Hotel . . . hereinafter called The Insured." The premium on this policy was $6,562.50 U. S. currency for three years.

There were several discussions between the agent, Osmond Kean, and the defendant, Reuben Barnett, with respect to the payment of the premium hereinbefore mentioned. However, no payment whatever was made by defendant Barnett or The American Caribbean Corporation on the premium, although demand had been made therefor. Defendant Barnett left the Virgin Islands for the United States without paying any part of the premium.

On June 24, 1949, Thomas L. Karsten, a member of the law firm of Schwartzreich & Mathias of New York, wrote the following letter to Osmond Kean, plaintiff's agent:

"June 24, 1949

"Osmond Kean, Esq.
Insurance Broker
St. Thomas, Virgin Islands

"Dear Mr. Kean:
 "Mr. Reuben Barnett has asked me to write you respecting the insurance on Bluebeard's Castle Hotel. In a conference with Mr. Irwin Silverman, the chief counsel of the Division of Territories, Department of Interior, last week, we were advised that the United States Government was a self-insurer respecting its own property, and that therefore we should cancel the fire, earthquake and hurricane insurance which we have heretofore contracted for through you. Accordingly Mr. Barnett has asked me to instruct you to cancel this policy in the amount of $250,000 as of July 1, 1949 with the understanding that any earned premium to that date will be paid. Mr. Barnett will discuss with you at an early date the issuance of a policy to cover his interest as lessee.
 "Kindest regards,

 "Sincerely yours,
"TLK:IK" /s/ Thomas L. Karsten"

Upon the receipt of the above letter the agent, Osmond Kean, proceeded to cancel the policy and assessed the earned premium in a total amount of $1,785.00. It is for this amount that plaintiff now sues.

To the complaint for the above amount the defendants filed a motion to strike The American Caribbean Corporation as a party defendant, on the ground that on March

21, 1949, the date of the issuance of the policy, the defendant American Caribbean Corporation was non-existent, not having organized until June 30, 1949. The said corporation never ratified this insurance agreement.

After hearing, the Court dismissed The American Caribbean Corporation on the ground prayed for.

The one and only question now before the Court is, whether Reuben Barnett is liable for the "earned premium" on the policy issued by the plaintiff, and for which the plaintiff is suing.

■ From the uncontradicted testimony in the case, at the time Reuben Barnett applied for insurance, he was *not yet* the lessee. Could he then validly insure? Not being the lessee and there being no evidence in the case as to his having had any other interest, he had no insurable interest in the property for which he was seeking insurance. And although both he and the agent thought or believed he had an insurable interest, that erroneous belief could not create such an interest to support the contract. 44 C.J.S. Insurance § 175d; David Wood Lumber Co. v. Ins. Co. of N. Am. La. App., 154 So. 760; Harsh v. City of N. Y. Ins. Co., 267 S.W. 51; Cherokee Foundries, Inc. v. Imperial Assurance Co., 9 A.L.R.2d 177.

■ In property insurance an insurable interest must exist both at the time of making of the contract and at the time of loss. 44 C.J.S. Insurance § 175c; Patterson v. Diamond, etc., 24 N.E.2d 740, 303 Ill. App. 128. Moreover, Reuben Barnett was never the insured. The Note proposed the American Caribbean Corporation as the insured and the United States as the one to receive payment for loss. What risk of loss as to Barnett had the insurer assumed?

■ Not having an insurable interest at the time the Binder or Interim Protection Note was issued, and even if he had, the same not having been insured, there was

193

no risk for which the company could have been held liable. There being no risk, the company was not entitled to the premium. For "it is an implied condition that no premium is due unless the risk attaches." 29 Am. Jur. Insurance §§ 377, 460; Jones v. Ins. Co. of N. Am., 25 Am. St. Rep. 706. In other words, as there was no valid contract, there was no liability on either side, notwithstanding defendant's promise to pay.

The record does not show when Reuben Barnett obtained a lease of the property subsequent to the issuance of the binder, but it is clear that when he did there was a purported assignment of the policy to the American Caribbean Corporation. The phrase "purported assignment" is used because Reuben Barnett never owned or had any right in the policy. Having no right therein, he could not "assign" the same.

Upon an examination of the policy it is at once apparent that the insured was from the date of the issuance of the same, "The American Caribbean Corporation, Bluebeard's Castle Hotel." Therefore, if a loss had occurred between the issuance and the request for cancellation, Reuben Barnett would not have been entitled to recover anything from the plaintiff as an individual, for his interest as lessee or in any other capacity was not insured. Even if he had in the first instance paid the premium and there was a loss after the policy was issued in the name of the corporation, the company would not have been liable to him for anything, except to return the premium paid. Davis Wood Lumber Co. v. Ins. Co. of N. Am., supra; 29 Am. Jur. Insurance § 460; Insurance Co. v. Pyle, 58 A.R. 781; Jones & Abbott v. Ins. Co., supra; Re Millers' & Manufacturers' Ins. Co., 4 L.R.A. (n.s.) 231.

The same is true with respect to the corporation. The corporation was dismissed as a party-defendant not

only on the ground that it was not in existence at the time the alleged contract for insurance was entered into, but also because the corporation did not ratify the said contract of insurance after it came into existence. Besides, an assignment of a policy by one having no insurable interest in the property transfers nothing, even though the assignee is the owner. 44 C.J.S. Insurance § 197; Marcuse v. Upton, 118 So. 790. It is therefore clear that the insurer-plaintiff would not have been liable under the policy to either Barnett as an individual or the corporation.

It will also be noted that the binder or Interim Note recites that the lessee (Barnett) "proposes to assign the lease to the Virgin Islands Corporation with loss payable clause to the United States." When the policy which replaced the note was issued, however, there was no loss payable clause in favor of the United States of America, so that the policy was in the name of the American Caribbean Corporation as the insured, as indicated above, with loss payable clause to the insured. In any case it would have made no difference if the United States were named in that clause, for there would have been no attachment of risk assumable by the insurance company as to the interest of the United States in the property purported to be insured.

The briefs submitted by both parties address themselves primarily to the liability of Barnett and/or The American Caribbean Corporation for the premium, in whole or in part, as the insured, which they never were. In the first place, Barnett never was the insured; he never obtained insurance for himself. He only applied for insurance for the American Caribbean Corporation for the benefit of the United States (plaintiff's Exhibit No. 5). As to the American Caribbean Corporation, there was no such corporation in being when the policy was issued.

195

The application was therefore unauthorized and the insurance policy void. It is not necessary, therefore, to discuss the many points raised in the briefs, as they are immaterial.

For the reasons stated herein, it is the opinion of the Court that the complaint of the plaintiff should be dismissed against the defendant Barnett, without cost to either party. Judgment may be drawn in conformity with this opinion.